**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Thomas A. Pitta, Esq. (TP 3018)
Timothy R. Wheeler, Esq. (TW 3466)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>EPV SOLAR, INC.,<br><br>       Debtor. | Chapter 11<br><br>Case No.  10-15173 (    ) |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS UNDER
SECTION 105, 361, 362 AND 363 OF THE BANKRUPTCY CODE APPROVING
THE USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION
AND SETTING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

    EPV Solar, Inc., the above-captioned debtor and debtor-in-possession ("EPV" or the "Debtor"), submits this motion (the "Motion") for entry of an interim order pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 and Fed.R.Bankr.P. 4001 (i) approving the use of cash collateral, (ii) providing adequate protection, and (iii) setting a final hearing pursuant to Fed.R.Bankr.P. 4001.  In support of this Motion, the Debtor respectfully represents as follows:

**RELIEF REQUESTED**

    1.  By this Motion, the Debtor requests an order:

    (a)  authorizing the use of the Prepetition Secured Lenders' (defined below) cash collateral and granting adequate protection therefore to the Senior Lenders;

  (b)  granting the Senior Lenders replacement liens pursuant to section 361 and 363(c) and (e), and solely to the extent of any diminution in value of their collateral; and

  (c)  giving notice of and scheduling an interim and final hearing pursuant to Bankruptcy Rule 4001.

2.  Without the immediate use of the Prepetition Secured Lenders' cash collateral, the Debtor will be unable to pay its ordinary and necessary business expenses including, but not limited to, payroll and related obligations, rent, taxes, utilities, amounts owed to vendors and other supplies of goods and services, insurance, and other costs of administering its estate. Use of the Prepetition Secured Lenders' cash collateral is therefore critical to preserving the value of the Debtor's estate for all parties-in-interest.

## JURISDICTION

3.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 361, 362, 363 of the United States Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001.

## BACKGROUND

4.  On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

5.  The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.

6.  The Debtor is a New Jersey corporation that designs, develops, manufactures, and markets low-cost amorphous silicon thin-film photovoltaic solar modules for the growing international renewable energy market. The Debtor has designed 14 thin-film photovoltaic manufacturing facilities around the world that utilize its proprietary

manufacturing equipment and technology.

7. As of the Petition Date, the Debtor was indebted, on a secured basis, under a credit agreement, dated as of November 18, 2009 (as amended, restated, supplemented or otherwise modified from time to time (the "<u>Prepetition Term Loan Agreement</u>") with Patriarch Partners Agency Services, LLC (the "<u>Senior Agent</u>"), and the lenders party thereto (collectively, with the Senior Agent, the "<u>Senior Lenders</u>"). In connection with the Prepetition Term Loan Agreement, the Debtor and Senior Lenders are also parties to a security agreement (the "<u>Prepetition Term Security Agreement</u>"), dated as of November 18, 2009 (as amended, restated, supplemented or otherwise modified from time to time), which, *inter alia*, grants the Senior Lenders, liens on substantially all of the Debtor's assets.

8. As of the Petition Date, the Debtor's obligations under the Prepetition Term Loan Agreement totaled approximately $3.6 million, exclusive of the last interest payment due on February 18, 2010, the maturity date. The Debtor was unable to repay its obligations to Patriarch by the maturity date and, on the Maturity Date, Patriarch provided the Debtor with a Notice of an Event of Default. Subsequently, on February 22, 2010, Patriarch provided the Debtor with a Notice of Disposition of Collateral, with an auction scheduled for March 5, 2010.

9. The Debtor is also a party to an indenture (the "<u>Indenture</u>"), dated as of June 4, 2009 (as amended, restated, supplemented or otherwise modified from time to time) with The Bank of New York Mellon, as trustee (the "<u>Subordinated Notes Trustee</u>"), governing the 1% Convertible Senior Secured PIK Notes Due 2016 (the "<u>Subordinated Notes</u>", and the holders of the Subordinated Notes being the "<u>Subordinated Noteholders</u>", and together with the Senior Lenders, collectively, the "<u>Prepetition Secured Lenders</u>"). The Debtor's obligations under the Indenture are secured as set forth in a security agreement (the "<u>Notes Security Agreement</u>"), dated as of June 4, 2009, (as amended, restated, supplemented or otherwise modified from time to time) with The Bank of New York Mellon as the

collateral agent for the benefit of the Subordinated Noteholders.

10. The Subordinated Noteholders' liens upon and security interest in the Debtor's assets are subordinated to the liens and security interests of the Senior Lenders pursuant to a subordination agreement dated as of November 18, 2009 (as amended, restated, supplemented or otherwise modified from time to time, the "Subordination Agreement" and, together with the Prepetition Term Loan Agreement, the Prepetition Term Security Agreement, the Indenture and the Notes Security Agreement and all other documents, agreements or instruments in connection therewith or related thereto, collectively, the "Prepetition Loan Documents"), among the Debtor, the Senior Agent as administrative agent for the Senior Lenders, and the Subordinated Notes Trustee in its capacity as trustee and collateral agent to the Subordinated Noteholders.

11. As of the Petition ate, the Debtor's obligations under the Subordinated Notes totaled approximately $55.5 million.

12. The Debtor's obligations under the Prepetition Loan Documents are further secured by certain pledges of collateral by the Non-Debtor Subsidiaries.[1]

13. For additional information about the Debtor's history and business and the events leading to this chapter 11 case, the Debtor respectfully refers the Court and parties-in-interest to the Certification in Support of the Debtor's Petition and First Day Motions, filed simultaneously herewith.

**BASIS FOR GRANTING RELIEF REQUESTED**

14. Pursuant to section 363(c) of the Bankruptcy Code, a debtor-in-possession may not use cash collateral without the consent of the secured party or Court

---

[1] The Debtor is the direct parent, and owns 100% of the capital stock, of EPV Solar Europe Limited ("EPV Europe"), a non-resident Irish company domiciled in Bermuda. EPV Europe owns the capital stock of EPV Solar Ireland Limited ("EPV Ireland"), an Irish company, which in turn 100% of the capital stock of EPV Solar Germany GmbH ("EPV Germany", and together with EPV Europe and EPV Ireland, the "Non-Debtor Subsidiaries"), a German company. The Non-Debtor Subsidiaries are not debtors in this or any other insolvency proceeding.

approval. While the Debtor remains hopeful that the Senior Lenders will consent to the use of cash collateral, their consent has not been obtained at this time. By virtue of the Subordination Agreement, the Subordinated Notes Trustee and the Subordinated Noteholders are deemed to have consented to the Debtor's use of cash collateral.

15. Section 363(e) of the Bankruptcy Code provides that, upon request of an entity that has an interest in property to be used by a debtor, the Court shall "prohibit or condition such use… as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). What constitutes adequate protection is determined on a case-by-case basis. *See In re Swedeland Development Group, Inc.*, 16 F.3d 552, 564 (3rd Cir. 1994); *In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. 1987). Adequate protection can be provided in a number of ways under section 361 of the Bankruptcy Code, with the focus being to protect a secured creditor from any diminution in the value of its interest in the collateral during the period during of its use post-petition. *See Swedeland*, 16 F.2d at 564-565; *In re Gallegos Research Group, Corp.*, 193 B.R. 577, 584 (Bankr. D. Colo. 1995). *See also In re Cann & Saul Steel Co.*, 76 B.R. 479 (Bankr. E. D. Pa. 1987); *In re Dunes Casino Hotel*, 69 B.R. 784, 793 (Bankr. D.N.J. 1986) ("Adequate protection is designed to preserve the secured creditor's position at the time of the bankruptcy."). Regardless of the form of adequate protection given, "the entitlement to and measure of adequate protection is always determined by the extent of the anticipated or actual decrease in the value of the secured creditor's collateral during the bankruptcy case." *Swedeland*, 16 F.2d at 564. "Adequate protection" is not defined in the Bankruptcy Code, although section 361 of the Bankruptcy Code sets forth three non-exclusive methods of how an interest in property may be adequately protected. *Id*.; *In re Shriver*, 33 B.R. 176, 181 (Bankr. N.D. Ohio 1983).

16. Pursuant to section 361 of the Bankruptcy Code, a debtor may provide adequate protection by making a cash or periodic payment to the creditor or providing it with a replacement lien. The Prepetition Secured Lenders are only entitled to protection up to the value of the collateral supporting their secured claim; they are not entitled to adequate

protection for lost opportunity costs, and only to the extent consistent with the Subordination Agreement. *Gallegos Research Group.*, 193 B.R. at 584-85 (citing *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988)); *Cann & Saul Steel*, 76 B.R. at 483.

17. As set forth herein, the Debtor proposes to provide the Senior Lenders with adequate protection in the form of replacement liens, in all respects subject to the Subordination Agreement. The Debtor also proposes to fully repay the Senior Lenders from the proceeds of a sale of the Debtor's module manufacturing assets. In addition, the Debtor's prepetition secured obligations are secured by certain pledges of collateral by the Non-Debtor Subsidiaries.

18. Through the use of the Prepetition Secured Lenders' cash collateral, the Debtor will be able to maintain the value and any equity cushion associated with its assets for the benefit of the Prepetition Secured Lenders and other creditors junior to the Prepetition Secured Lenders. Moreover, the use of cash collateral will prevent the abrupt discontinuation of the Debtor's operations, which may adversely affect the Debtor's ability to market and sell its module manufacturing assets and reorganize its core equipment business. Thus, the best way to ensure that the Prepetition Secured Lenders' security interests are not jeopardized is through the use of the Prepetition Secured Lenders' cash collateral. *See In re Aqua Associates*, 123 B.R. 192, 196 (Bankr. E.D. Pa. 1991) ("The important question, in determination of whether the protection to a creditor's secured interest is adequate, is whether that interest, whatever it is, is being unjustifiably jeopardized."). The Debtor respectfully submits that the protections proposed herein are appropriate to adequately protect the Prepetition Secured Lenders' interests. As discussed above, the value of the Debtor's assets exceeds its obligations to the Senior Lenders.

19. The Debtor submits that the Subordinated Noteholders' are not entitled to any form of adequate protection absent consent of the Senior Lenders. The Collateral Agent and the Subordinated Noteholders waived their adequate protection rights in the

Subordination Agreement. However, and only after the Debtor's debt to the Senior Lenders under the Prepetition Term Loan Agreement is repaid in full, the Subordinated Notes Trustee, on behalf of the Subordinated Noteholders, will be granted replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Subordinated Noteholders' collateral is used by the Debtor, to the extent of any diminution in value of the Subordinated Noteholders' collateral.

20. Absent the immediate entry of the proposed interim order, the Debtor will be unable to operate in chapter 11, seek a sale of its module manufacturing assets, or reorganize around its core equipment business. Thus, the Debtor respectfully submits that cause has been shown for the entry of the proposed interim order submitted herewith.

21. Accordingly the Court should authorize the Debtor's use the cash collateral in accordance with the budget annexed hereto.

### **NOTICE WITH RESPECT TO THE INTERIM ORDER**

22. The Debtor submits that given its financial situation, the timing of the filing of its chapter 11 petition, and the Debtor's immediate need for the use of cash collateral, an expedited hearing as contemplated by Bankruptcy Rule 4001(b) is warranted. The Debtor will provide notice of this Motion and the proposed interim order by overnight mail, fax or e-mail (to the extent practicable) to the (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of New Jersey; (iv) the Internal Revenue Service; (v) the Debtor's twenty largest unsecured creditors; (vi) Patriarch Partners Agency Services, LLC, agent for the Debtor's secured term loan lenders, and (vii) The Bank of New York Mellon, trustee and collateral agent for the Debtor's 1% Convertible Senior Secured PIK Notes due 2016. The Debtor respectfully submits that such notice is sufficient and appropriate given the circumstances for the Court to schedule an emergent hearing at which the Debtor can seek the entry of the proposed interim order.

## NOTICE WITH RESPECT TO THE FINAL HEARING

23. Pursuant to Bankruptcy Rule 4001(b), the Debtor respectfully requests that it be authorized to provide notice of the final hearing to be scheduled by the Court no sooner than 14 days after service of the Motion by serving a copy of the Motion (to the extent not previously served) together with any interim order entered by the Court, on the (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of New Jersey; (iv) the Internal Revenue Service; (v) the Debtor's twenty largest unsecured creditors; and (vi) Patriarch Partners Agency Services, LLC, agent for the Debtor's secured term loan lenders, and (vii) The Bank of New York Mellon, trustee and collateral agent for the Debtor's 1% Convertible Senior Secured PIK Notes due 2016.  The Debtor submits that notice would constitute sufficient notice of the final hearing pursuant to Bankruptcy Rule 4001(b) and Bankruptcy Rule 2002.

24. The Debtor has not previously sought the relief requested herein from this or any other Court.

25. The Debtor submits that the Motion does not present novel issues of law requiring the citation to any authority other than that referred to above and, accordingly, no brief is necessary.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted herewith, granting the Motion, and granting it such other and further relief as is just and proper.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

/s/ *S. Jason Teele*
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Thomas A. Pitta, Esq. (TP 3018)
Timothy R. Wheeler, Esq. (TW 3466)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor and Debtor in Possession*

Dated: February 24, 2010
  Roseland, New Jersey