UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Thomas A. Pitta, Esq. (TP 3018)
Timothy R. Wheeler, Esq. (TW 3466)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor and Debtor in Possession*

In re:

EPV SOLAR, INC.

Debtor.

Chapter 11

Case No. 10-_____ (    )

# INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

   The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

Page:             2
In Re:            EPV Solar, Inc.
Case No.:         10 -      (    )
Caption of Order: Interim Order Authorizing Use of Cash Collateral, Providing Adequate Protection and Setting a Final Hearing

---

**THIS MATTER** having come before the Court on the motion (the "Motion")[1] of EPV Solar, Inc. (the "Debtor") for entry of an interim order pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 and Fed.R.Bankr.P. 4001 (i) approving the use of cash collateral, (ii) providing adequate protection, and (iii) setting a final hearing pursuant to Fed.R.Bankr.P. 4001; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby

**ORDERED**:

1. **Use of Cash Collateral**. The Debtor is authorized, in accordance with the cash collateral budget (the "Budget") attached hereto as **Exhibit "A"**, to use the Prepetition Secured Lenders' cash collateral. The Debtor may amend, alter, revise or supplement the Budget after the date of this Order with the written consent of the Senior Lenders or, if the Senior Lenders' claims have been satisfied, the Subordinated Notes Trustee.  For purposes of determining compliance with the Budget, beginning in week 3, ending cash balance (*i.e.*, total bank account including cash receipts balance less checks issued and/or wire transfers sent) shall not be less than 80% of the budgeted ending cash balance. The Debtor is authorized to retain all cash receipts collected during any week to the extent necessary to fund the disbursements contained in the Budget. For the purposes of this Order, the term "cash receipts" means all funds collected by the Debtor whether on account of accounts receivable, asset sales or otherwise.  For the purposes of this Order, the term "cash receipts" means all funds collected by the Debtor

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Case 10-15173-MBK    Doc 3-1    Filed 02/24/10    Entered 02/24/10 09:51:38    Desc
Proposed Order    Page 3 of 7

Page:        3
In Re:       EPV Solar, Inc.
Case No.:    10 -    (    )
Caption of Order:  Interim Order Authorizing Use of Cash Collateral, Providing Adequate Protection and Setting a Final Hearing

whether on account of accounts receivable, asset sales or otherwise.

  2. **Adequate Protection**.  As adequate protection for use of cash collateral, the Senior Lenders are hereby granted:

  a. **Replacement Lien**.  A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Senior Lenders' cash collateral is used by the Debtor, to the extent of any diminution in the value of the Senior Lenders' collateral with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that the Senior Lenders held in the Debtor's pre-petition collateral.  Nothing herein shall be deemed to alter or affect any valid, pre-petition security interests in or liens on the Debtor's assets held by any secured creditor other than the Senior Lenders.  The replacement liens granted herein shall not prime, alter or affect the priority of any valid, pre-petition security interests in or liens on the Debtor's assets held by any secured creditor.

  b. **Deemed Perfected**.  The replacement liens granted herein are automatically deemed perfected upon entry of this Order without the necessity of the Prepetition Secured Lenders' taking possession, filing financing statements, mortgages or other documents.  Although not required, upon request by the Senior Lenders, the Debtor shall execute and deliver to the Senior Lenders any and all UCC Financing Statements, UCC Continuation Statements, or other instruments or documents considered by the Senior Lenders to be reasonably necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and the Senior Lenders are authorized to receive, file and record the foregoing at their own expense, which actions shall not be deemed a violation of the automatic stay embodied in Section 362(a) of the Bankruptcy Code.

  c. **Default Hearing**.  In the event the Debtor defaults or violates this Order, the Senior Lenders are entitled to request a hearing within five (5) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

Case 10-15173-MBK    Doc 3-1    Filed 02/24/10    Entered 02/24/10 09:51:38    Desc
Proposed Order    Page 4 of 7

Page:            4
In Re:        EPV Solar, Inc.
Case No.:      10 -      (    )
Caption of Order:  Interim Order Authorizing Use of Cash Collateral, Providing Adequate Protection and Setting a Final Hearing

3.  **Creditor's Rights of Inspection and Audit**.  Upon reasonable notice by the Senior Lenders, the Debtor shall permit the Senior Lenders and any of their agents reasonable access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of collateral in which the Senior Lenders hold a security interest and to audit the Debtor's cash receipts and disbursements.

4.  **Subordinated Notes Trustee and Subordinated Noteholders.**  By virtue of the Subordination Agreement and other concessions, the Subordinated Notes Trustee and the Subordinated Noteholders are not entitled to and are not receiving via this Order any form of adequate protection on account of their Subordinated Notes Prepetition Collateral.  However, from and after satisfaction in full of the Senior Lenders' claims under the Prepetition Term Loan Agreement, the Subordinated Notes Trustee, on behalf of the Subordinated Noteholders, shall be granted replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Subordinated Noteholders' collateral is used by the Debtor, to the extent of any diminution in value of the Subordinated Noteholders' collateral, as set forth and to the same extent set forth in paragraphs 2(a)-(c) hereof.

5.  **Reservation of Rights**.

(a)  By granting the Senior Lenders the adequate protection specified herein, the Debtor does not waive, and expressly reserves, its rights to subsequently contest the validity, extent, priority and/or perfection of the Senior Lenders' liens and security interests in the Debtor's property and to assert any other claims.

(b)  Nothing contained herein shall be deemed or construed to: (a) limit the Senior Lenders' to the relief granted herein; (b) bar the Senior Lenders from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same; or (c) require the Senior Lenders to make any loans or advances to the Debtor.

Page:       5
In Re:      EPV Solar, Inc.
Case No.:   10 -     (   )
Caption of Order:  Interim Order Authorizing Use of Cash Collateral, Providing Adequate Protection and Setting a Final Hearing

---

      6.   **Final Hearing**.  A final hearing on the Motion shall be held on February ___, 2010 in Courtroom _____ of the United States Bankruptcy Court, 402 East State Street, Trenton, New Jersey 08608 at _____ a.m./p.m.  All objections to the Motion and the entry of a final order granting the Motion shall be filed and served on February __, 2010 at 4:00 p.m.  In the event no objections are timely filed, this Order shall continue in full force and effect and shall be deemed a final order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

      7.   **Notice of Order.**  Within two (2) business days of the entry of this Order, the Debtor shall serve, or caused to be served, a copy of this Order by first class mail on: (i) the Office of the United States Trustee; (ii) the Senior Agent; (iii) the Subordinated Notes Trustee; (iv) all known secured creditors; and, (v) counsel to any committee appointed under section 1102 of the Bankruptcy Code, if one has been appointed, and if not, to Debtor's twenty (20) largest unsecured creditors.

      8.   **Immediate Effect**.  Order shall be effective immediately upon its entry.

**Exhibit A**

**EPV Solar Inc. Cash Plan**
**February 2010 - May 2010**
$ (000) omitted

| | Forecast W/E 2-26 | Forecast W/E 3-5 | Forecast W/E 3-12 | Forecast W/E 3-19 | Forecast W/E 3-26 | Forecast W/E 4-2 | Forecast W/E 4-09 | Forecast W/E 4-16 | Forecast W/E 4-23 | Forecast W/E 4-30 | Forecast W/E 5-7 | Forecast W/E 5-14 | Forecast W/E 5-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Begining Cash** | $ 685 | $ 592 | $ 333 | $ 179 | $ 555 | $ 484 | $ 233 | $ 93 | $ 301 | $ 227 | $ 122 | $ 188 | $ 132 |
| Total Receipts | - | 8 | - | 450 | 3 | - | - | 282 | - | 143 | - | 48 | - |
| **Total In** | $ - | $ 8 | $ - | $ 450 | $ 3 | $ - | $ - | $ 282 | $ - | $ 143 | $ - | $ 48 | $ - |
| **Cash Out:** | | | | | | | | | | | | | |
| Payroll, PR taxes, EE | 61 | 61 | 61 | 61 | 61 | 61 | 61 | 61 | 61 | 61 | 61 | 61 | 61 |
| Rent / utilities / leases | 2 | 121 | 30 | - | - | 105 | 30 | - | - | 105 | 30 | - | - |
| Benefits, insurance | - | 72 | - | - | - | 72 | 36 | - | - | 69 | - | - | - |
| Chapter 11 / Legal / Accounting Expenses | 10 | 10 | 60 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 40 | 10 |
| Miscellaneous | 20 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 |
| Investments in Subsidiary | - | - | - | - | - | - | - | - | - | - | (170) | - | - |
| **Total Out** | $ 93 | $ 267 | $ 154 | $ 74 | $ 74 | $ 251 | $ 140 | $ 74 | $ 74 | $ 248 | $ (66) | $ 104 | $ 74 |
| **Ending Cash** | $ 592 | $ 333 | $ 179 | $ 555 | $ 484 | $ 233 | $ 93 | $ 301 | $ 227 | $ 122 | $ 188 | $ 132 | $ 58 |