**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Thomas A. Pitta (TP 3018)
Timothy R. Wheeler, Esq. (TW 3466)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>EPV SOLAR, INC.,<br><br>  Debtor. | Chapter 11<br><br>Case No.  10-15173 (    ) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 507(a)(4) AND 507(a)(5) (I) AUTHORIZING THE DEBTOR TO PAY PRE-PETITION WAGES AND SALARIES AND HONOR CERTAIN EMPLOYEE BENEFITS, (II) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS, AND (III) AUTHORIZING THE DEBTOR TO HONOR WORKERS' COMPENSATION OBLIGATIONS**

EPV Solar, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), by and through its proposed counsel, submits this motion (the "Motion") for entry of an order pursuant to 11 U.S.C. §§ 105(a), 507(a)(4) and 507(a)(5) (i) authorizing the Debtor to pay pre-petition wages and salaries and honor certain employee benefits; (ii) directing all banks to honor pre-petition checks for payment of pre-petition employee obligations; and (iii) authorizing the Debtor to honor workers' compensation obligations. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 507.

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.

5. The Debtor is a New Jersey corporation with principal executive offices located at located at 8 Marlen Drive, Robbinsville, New Jersey.

6. For information regarding the Debtor's business and the events leading to the filing of this chapter 11 case, the Debtor respectfully refers the Court and parties in interest to the Certification in Support of Debtor's Petition and First Day Motions, filed simultaneously herewith.

## RELIEF REQUESTED

7. The Debtor currently employs approximately twenty-two (22) full-time and two (2) part-time employees (collectively, the "Employees"). The continued and uninterrupted service of the Employees is essential to the Debtor's continuing operations and a successful chapter 11 process. To minimize the personal hardship the Employees will suffer if pre-petition employee-related obligations are not paid when due, and to maintain the Employees' morale during this critical time, the Debtor seeks the authority, but not the obligation, to: (i) pay all pre-petition Employee claims for wages, salaries, contractual compensation, sick pay, personal pay, holiday pay and other accrued compensation; (ii) make all payments for which Employee payroll deductions were made pre-petition; (iii) reimburse all pre-petition Employee

business expenses; (iv) make pre-petition contributions and pay benefits under certain Employee benefit plans; (v) honor workers' compensation programs; (vi) pay other miscellaneous Employee-related costs including but not limited to processing costs and fees; and (vii) continue Employee programs with respect to vacation, sick, personal and holiday leave and continue certain health, welfare, savings and other benefit programs as described more fully below.

8.  Additionally, the Debtor (i) requests that the Court authorize and direct applicable banks and other financial institutions to receive, process, honor and pay all pre-petition checks and transfers drawn on the Debtor's accounts and to make the foregoing payments, and (ii) seeks authority to pay all processing costs and administrative expenses related to the foregoing payments. The Debtor believes that any payments that will be made in connection with pre-petition wages, salary, other compensation and benefit programs will not exceed the sum of $10,950 per employee allowable as a priority claim under sections 507(a)(4) and (5) of the Bankruptcy Code.

**I.    Summary of the Debtor's Pre-Petition Employee Obligations**

    **A.    Wages, Salaries and Other Compensation.**

9.  The average weekly payroll for the Debtor's salaried and hourly Employees is approximately $60,000 (inclusive of all related taxes). The Employees are paid on a weekly basis. The Debtor uses Automatic Data Processing, Inc. ("ADP") to process Employees' paychecks and direct deposits and pay all related taxes. The Debtor provides payroll information to ADP on Tuesday of each calendar week, and payroll funds are transferred from the Debtor's payroll account to ADP in advance for each payroll period. Payroll for the Debtor's Employees for the week ending February 19, 2010 has been paid. The Debtor's Employees have accrued wages for the week ending February 26, 2010. By this Motion, the Debtor seeks authority to pay all outstanding wages, salaries and other compensation owed to its Employees as of the Petition Date, aggregating approximately $36,000.

**B.     Vacation, Sick, Personal Leave and Holidays.**

10.    The Debtor maintains a paid time off ("PTO") policy (the "PTO Policy") applicable to all full-time employees, other than executive employees, with at least ninety (90) days of service that includes all paid time for vacation, sick leave, holidays and personal time. Under the PTO Policy, full-time Employees are eligible for up to 232 hours of PTO annually, depending on the number of years of credited service. The Debtor's PTO Policy typically does not permit Employees to carry over PTO from one year to the next or compensate Employees for any accrued but unused PTO, except in the case of termination or where prohibited by applicable law. The Debtor anticipates that its Employees will utilize any accrued PTO in the ordinary course.

**C.     Reimbursable Business Expenses.**

11.    In the ordinary course of the Debtor's business, Employees may incur a variety of business expenses that are typically reimbursed by the Debtor pursuant to its normal business practices. The reimbursable business expenses incurred by the Employees include business travel, business meals, car rentals, delivery expenses and miscellaneous related expenses (collectively, the "Reimbursable Business Expenses"). All Reimbursable Business Expenses were incurred with the understanding that they would be reimbursed by the Debtor. As of the Petition Date, the Debtor estimates that there are no, or *de minimis* (*i.e.*, under $1,000) unreimbursed Reimbursable Business Expenses.

**D.     Insurance Benefits.**

12.    In the ordinary course of its business, the Debtor provides medical, dental, prescription, supplemental medical and vision insurance to its eligible full-time Employees through group plans offered by Horizon Blue Cross/Blue Shield of New Jersey, Delta Dental of New Jersey, Express Scripts, TransAmerica and Spectera (collectively, the "Health Benefits"). Eligible Employees are also entitled to participate in the Debtor's life and long term disability insurance programs offered by Unum Life Insurance Company of America (the "Life Insurance",

collectively with the Health Benefits, the "<u>Insurance Benefits</u>").[1]

### i. Medical, Prescription Drug, Dental and Vision Programs

13. The Debtor provides its full-time Employees with the Health Benefits at a substantially reduced cost. Full-time Employees, who have been employed for ninety (90) calendar days are eligible to receive the Health Benefits on the first day of the next succeeding month. The Debtor's current total monthly cost for providing the Health Benefits is approximately $76,000, with approximately $41,000 of that amount attributable to fifty-two (52) former employees receiving Health Benefits through COBRA.[2] As of the Petition Date, the Debtor was current with its obligations on account of the Health Benefits.

### ii. Life Insurance Program

14. The Debtor provides its eligible full-time Employees certain Life Insurance coverage at no cost to the Employees. Full-time Employees who have been employed for ninety (90) calendar days are eligible to receive the Life Insurance on the first day of the next succeeding month. As of the Petition Date, the Debtor was current with its obligations on account of the Life Insurance.

**E. Savings Plan.**

15. The Debtor maintains a defined savings plan for its Employees, which is qualified under section 401(k) of the Internal Revenue Code (the "<u>Savings Plan</u>"). The Savings Plan is administered by EPV Solar, Inc. with Fidelity Management Trust Company as plan trustee. Full-time Employees who have been employed for ninety (90) calendar days are eligible to participate in the Savings Plan on the first day of the next succeeding month. Pursuant to the Savings Plan, the Debtor deducts the appropriate amounts from each participating Employee's payroll check and transfers the withheld funds to the plan trustee. The Debtor is current in its

---

[1] In addition, the Debtor maintains insurance coverage for its directors and officers and the Debtor is current with its premium obligations in connection therewith.

[2] COBRA benefits for all but one former employee will expire on or about December 31, 2010. All COBRA benefits will expire on or about May 31, 2011.

obligations under the Savings Plan.

### F. Workers' Compensation Obligations.

16. The Debtor is required under applicable law to maintain workers' compensation insurance policies and programs to provide Employees with workers' compensation coverage for claims arising from or related to their employment with the Debtor.

17. The Debtor currently insures its workers' compensation liabilities pursuant to a policy with Travelers Insurance Company. As of the Petition Date, the Debtor was current with its workers' compensation obligations.

## II. Authority for Banks to Honor and/or Reissue Checks

18. The Debtor further requests that all applicable banks and other financial institutions be authorized to receive, process, honor and pay any and all check and transfers drawn on the Debtor's dedicated payroll accounts, whether such checks were presented before, on, or after the Petition Date. Accordingly, by this Motion, the Debtor seeks (i) authorization for, and/or ratification of, its banks' honoring of pre-petition payroll checks and transfers on or after the Petition Date, (ii) authorization for the banks to process and honor all other checks issued for payments approved by this Motion, and (iii) authorization to reissue checks for payments approved by this Motion whenever a check therefore is dishonored post-petition.

## BASIS FOR RELIEF

19. Any delay in paying the Employee-related compensation, deductions, reimbursement, benefit plans, workers compensation obligations and/or any other payment requested herein (collectively, the "Employee Obligations") would severely disrupt the Debtor's relationship with its Employees and irreparably impair the Employees' morale at the very time that their dedication, confidence and cooperation are most critical.[3] The Debtor faces the risk that its operations may be severely impaired if it is not granted authority to pay the Employee

---

[3] While the Debtor was current on substantially all of the Employee Obligations as of the Petition Date, it seeks authority to pay any such obligations to the extent they are discovered or asserted after the Petition Date, as set forth herein.

Obligations. At this critical stage, the Debtor simply cannot risk the substantial disruption of its business operations that would attend any decline in workforce morale attributable to the Debtor's failure to pay the Employee Obligations in the ordinary course of business.

20. The Debtor submits that the relief requested in this Motion is warranted under sections 105(a), 363(b), 507(a)(4) and 507(a)(5) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Further, section 105(a) provides, in pertinent part, that the "Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

21. The Employee Obligations are accorded priority of payment under 11 U.S.C. § 507(a)(4), which provides priority payment for:

> allowed unsecured claims, but only to the extent of $10,950 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for –
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor.

11 U.S.C. § 507(a)(4).

22. Likewise, under section 507(a)(5) of the Bankruptcy Code, Employees may ultimately be granted a priority claim for:

> allowed unsecured claims for contributions to an employee benefit plan -
>
> (A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

      (B)  for each such plan, to the extent of -

        (i)  the number of employees covered by each such plan multiplied by $10,950.00; less

        (ii)  the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(5).

  23.  No Employee will receive payments in excess of the $10,950 limit established pursuant to sections 507(a)(4) and (5) of the Bankruptcy Code for accrued but unpaid Employee Obligations. The Debtor believes that the payment of the Employee Obligations is critical, especially in light of the need to maintain the morale of the Debtor's Employees and during the pendency of this chapter 11 case.

  24.  Courts have permitted a debtor-in-possession to pay certain creditors' pre-petition claims under Bankruptcy Code section 105(a), as well as under the necessity of payment doctrine. Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Thus, the Bankruptcy Court has the power to take "whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." 2 COLLIER ON BANKRUPTCY § 105.01, at 105-3 (15th ed. 1996).

  25.  Courts have frequently used their authority under section 105(a) of the Bankruptcy Code and the necessity of payment doctrine to authorize debtors in possession to pay pre-petition claims, especially pre-petition wage, salary, benefit, and expense claims. *See, e.g., In re Marcal Paper Mills, Inc.*, Case No. 06-21886 (Bankr. D.N.J. December 4, 2006) (MS) (authorizing debtor to pay pre-petition payroll, taxes, and employee reimbursement obligations and honor pre-petition employee benefits); *In re 1945 Route 23 Associates, Inc. and R & S Parts and Service Inc.*, Case No. 06-17474 (Bankr. D.N.J. August 11, 2006) (NLW) (same); *In re Pliant Corporation,* Case No. 06-10001 (Bankr. D. Del. January 31, 2006) (MFW) (authorizing the payment of pre-petition wages, salaries and other compensation); *In re Foamex International*

*Inc.,* Case No. 05-12685 (Bankr. D. Del. September 20, 2005) (PJW) (same); *In re Pharmaceutical Formulations, Inc.,* Case No. 05-11910 (Bankr. D. Del. July 12, 2005) (MFW) (same); *In re Meridian Automotive Systems -- Composites Operations, Inc., et al.,* Case No. 05-11168 (Bankr D. Del. May 27, 2005) (MFW) (same); *In re Just For Feet, Inc.*, 242 B.R. 821 (D. Del. 1999) (holding that the so-called "necessity of payment doctrine" justified the payment of pre-petition claims where such payment is "critical to the debtor's reorganization"); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021 (Bankr. S.D. Ohio 1991) (applying the doctrine of necessity); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989) (authorizing Eastern Air Lines, Inc. to pay pre-bankruptcy wages, salaries, medical benefits, and business expense claims and relying on equitable powers under 11 U.S.C. § 105(a) to effectuate a complete restructuring of debtor's finances to provide continuing jobs for its employees); *see also In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) ("if payment of a claim that arose prior to reorganization is essential to the continued operation of the [business] during reorganization, payment may be authorized even if it is made out of corpus"); *In re Sharon Steel Corp.*, 159 B.R. 730, 736 (Bankr. W.D.Pa. 1993) (embracing the "necessity of payment doctrine").

26.    The "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176. The Court in *Ionosphere Clubs* considered two factors, the retention of current employees and employee morale, as critical to the debtor's rehabilitation. *See id.*

27.    Here, it is essential to the Debtor's ability to continue to operate its business that the Employees continue to provide services and that their morale be preserved. Thus, the payment of the Employee Obligations falls under the "necessity of payment" doctrine first enunciated by the Supreme Court over a century ago in *Miltenberger v. Logansport C & S.W.R. Co.*, 106 U.S. 286 (1882). Under this doctrine, courts have the ability to permit a reorganizing debtor to make postpetition payments on pre-petition claims where payment is necessary to effectuate a successful reorganization. *See also Lehigh & New England Ry.*, 657

F.2d at 581 (explaining that "the *sine qua non* for the application of the 'necessity of payment' doctrine is the possibility that the creditor will employ an immediate economic sanction, failing such payment"). The Employees are critical to the Debtor's reorganization efforts. Should the Employee Obligations go unpaid, the Employees will likely be unwilling to continue working for the Debtor, thereby significantly reducing the Debtor's chances of a successful reorganization.

28. Courts have routinely granted Chapter 11 debtors the same or substantially similar relief to that requested in this Motion. *See, e.g., In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987) (approving a Bankruptcy Court's order authorizing the payment of certain pre-petition wages, salaries, employment reimbursement expenses, and benefits, including payment on workers' compensation claims); *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989) (authorizing payment of pre-petition employee wages and benefits, as well as health, life, and workers' compensation insurance premiums).

## NOTICE

29. No trustee, examiner or, creditors' committee has been appointed in this chapter 11 case. Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of New Jersey; (iv) the Internal Revenue Service; (v) the Debtor's twenty largest unsecured creditors; (vi) counsel to Patriarch Partners Agency Services, LLC, as agent for the Debtor's secured term loan lenders, (vii) The Bank of New York Mellon, as trustee and collateral agent for the Debtor's 1% Convertible Senior Secured PIK Notes due 2016, and (viii) all parties on who entered a notice of appearance pursuant to Fed.R.Bankr.P. 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

30. No previous motion for the relief sought herein has been made to this or to any other court.

## WAIVER OF BRIEF

31. As no novel issue of law is raised and the relevant authorities relied upon by the Debtor are set forth herein, the Debtor respectfully requests that the requirement under D.N.J. LBR 9013-2 of filing a brief be waived.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (i) authorizing the Debtor, in accordance with its policies and in its sole discretion to (a) pay all pre-petition Employee claims for wages, salaries, contractual compensation, sick pay, personal pay, holiday pay and other accrued compensation, (b) make all payments for which Employee payroll deductions were made, (c) reimburse all pre-petition Employee business expenses, (d) make pre-petition contributions and pay benefits under certain Employee benefit plans (e) honor workers' compensation programs, (f) pay other miscellaneous Employee-related costs including but not limited to processing costs and fees, (g) pay outstanding amounts owing and continue Employee programs with respect to vacations, sick, personal and holiday leave and continue certain health, welfare, savings and other benefit programs; (ii) authorizing and directing applicable banks and other financial institutions to receive, process, honor and pay all pre-petition checks and transfers drawn on the Debtor's payroll accounts and to make the foregoing payments; and (iii) grant such other and further relief as this court deems just and proper.

[Signature page to follow.]

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

/s/ *S. Jason Teele*
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Thomas A. Pitta, Esq. (TP 3018)
Timothy R. Wheeler, Esq. (TW 3466)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor and Debtor in Possession*

Dated: February 24, 2010
　　　　Roseland, New Jersey