UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Thomas A. Pitta, Esq. (TP 3018)
Timothy R. Wheeler, Esq. (TW 3466)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor*
*and Debtor in Possession*

In re:

EPV SOLAR, INC.

              Debtor.

Chapter 11

Case No. 10-15173 (    )

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 507(a)(4) AND 507(a)(5)
(A) AUTHORIZING THE DEBTOR TO PAY PRE-PETITION WAGES,
SALARIES, AND HONOR CERTAIN EMPLOYEE BENEFITS, (B) DIRECTING
ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF
PRE-PETITION EMPLOYEE OBLIGATIONS, AND (C) AUTHORIZING THE
DEBTOR TO HONOR WORKERS' COMPENSATION OBLIGATIONS**

        The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

13739183.2

Page:         2
Debtor:    EPV Solar, Inc.
Case No.:  10-15173 (    )
Caption:   Order Pursuant To 11 U.S.C. §§ 105(a), 507(a)(4) And 507(a)(5) (A) Authorizing The Debtor To Pay Pre-petition Wages And Salaries, And Honor Certain Employee Benefits, (B) Directing All Banks To Honor Pre-petition Checks For Payment Of Pre-petition Employee Obligations, And (C) Authorizing The Debtor To Honor Workers' Compensation Obligations
_____

Upon the Debtor's Motion[1] for an Order Pursuant to 11 U.S.C. §§ 105(a), 507(a)(4) and 507(a)(5)(A) Authorizing the Debtor to Pay Pre-petition Wages and Salaries, and Honor Certain Employee Benefits, (B) Directing All Banks to Honor Pre-petition Checks for Payment of Pre-petition Employee Obligations and (C) Authorizing the Debtor to Honor Workers' Compensation Obligations (the "Motion"); and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

**IT IS HEREBY ORDERED that:**

1. The Motion be, and hereby is, granted.

2. The Debtor is hereby authorized, but not directed, to (a) pay all pre-petition Employee claims for wages, salaries, contractual compensation, sick pay, personal pay, holiday pay and other accrued compensation, (b) make all payments for which Employee payroll deductions were made, (c) reimburse all pre-petition Employee business expenses, (d) make pre-petition contributions and pay benefits under certain Employee benefit plans (e) honor workers' compensation programs, (f) pay other miscellaneous Employee-related costs including but not limited to processing costs and fees, (g) pay outstanding amounts owing and continue Employee

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

| | |
|---|---|
| Page: | 3 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (  ) |
| Caption of Order: | Order Pursuant To 11 U.S.C. §§ 105(a), 507(a)(4) And 507(a)(5) (A) Authorizing The Debtor To Pay Pre-petition Wages And Salaries, And Honor Certain Employee Benefits, (B) Directing All Banks To Honor Pre-petition Checks For Payment Of Pre-petition Employee Obligations, And (C) Authorizing The Debtor To Honor Workers' Compensation Obligations |

_____

programs with respect to vacations, sick, personal and holiday leave and continue certain health, welfare, savings and other benefit programs.

3. All banks and financial institutions at which the Debtor maintains accounts are (i) authorized to honor pre-petition payroll and transfers on or after the Petition Date, and to the extent that any bank or financial institution may have honored any pre-petition payroll checks prior to the Petition Date, such honoring is ratified, (ii) authorized to process and honor all other checks and transfers issued for payments approved by this Order and/or reissue checks for any payments approved by this Order where such checks may be dishonored post-petition, and (iii) prohibited from placing holds on, or attempting to reverse, automatic transfers to Employee accounts for Employee Obligations.

4. The relief granted in this Order is subject to the statutory cap set forth in 11 U.S.C. §§ 507(a)(4) and (a)(5).

5. Nothing herein shall be deemed an assumption or adoption by the Debtor of any agreements or policies providing for pre-petition compensation or benefits to the Debtor's Employees.

6. Nothing in this Order shall impair the Debtor's ability to contest the validity or amount of any Employee Obligations pursuant to any applicable law.

7. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from this Order.

8. This Order is effective immediately upon entry.