**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Thomas A. Pitta, Esq. (TP 3018)
Timothy R. Wheeler, Esq. (TW 3466)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>EPV SOLAR, INC.,<br><br>　　　　　　　　　Debtor. | Chapter 11<br><br>Case No.  10-15173 (    ) |

**DEBTOR'S MOTION FOR ENTRY OF AN INTERIM ORDER AND A FINAL ORDER (I) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF FUTURE PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE PURSUANT TO 11 U.S.C. §§ 105(a) AND 366**

　　　　　EPV Solar, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), by and through its proposed counsel, submits this motion (the "Motion") for entry of interim and final orders (i) prohibiting utility companies from discontinuing, altering or refusing service on account of prepetition invoices, (ii) deeming utility companies to have adequate assurance of future performance, and (iii) establishing procedures for resolving requests for additional assurance pursuant to 11 U.S.C. §§ 105(a) and 366.  In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION**

　　　　　1.　　　　The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334. Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

4. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case.

5. The Debtor is a closely-held New Jersey corporation with principal executive offices located at 8 Marlen Drive, Robbinsville, New Jersey.

6. For more information regarding the Debtor's business and the events leading to the filing of this chapter 11 case, the Debtor respectfully refers the Court and parties in interest to the Certification in Support of Debtor's Petition and First Day Motions, filed simultaneously herewith.

## RELIEF REQUESTED

7. By this motion, the Debtor seeks entry of (i) an interim order (the "Interim Order"), in the form attached hereto as **Exhibit A**, and (ii) a final order (the "Final Order"), in the form attached hereto as **Exhibit B**, pursuant to sections 105(a) and 366 of the Bankruptcy Code, (a) prohibiting the Utility Companies (defined below) from discontinuing, altering or refusing service to the Debtor on account of pre-petition invoices, and (b) establishing procedures for resolving requests for additional adequate assurance of future performance.

8. In the ordinary course of its business, the Debtor incurs liabilities to the Utility Companies (as defined herein) for electricity, gas, telephone service, internet service and

data services through the operation of its corporate offices.[1] A non-exhaustive list of the utility companies (each a "Utility Company" and, collectively, the "Utility Companies") subject to this Motion is attached hereto as **Exhibit C**.[2]

9. Uninterrupted utility services are essential to the continuation of Debtor's ongoing operations, its efforts to maximize the value of the estate and its ability to prosecute this chapter 11 case. The Debtor's operations will be severely impacted if one or more of the Utility Companies refuse or discontinue utility services for even a brief period of time. Any interruption of utility services, to the extent that such interruption limits the Debtor's operations, will damage the Debtor's revenues and ability to maximize the value of its assets. In addition, interruption of utility services may harm the Debtor's relationships with its customers, vendors and employees and will be detrimental to the Debtor's estate, creditors and employees. Any disruption to Debtor's operations as a result of termination of utility services will frustrate the Debtor's efforts in this case. Thus, it is critical that utility services provided to the Debtor continue uninterrupted.

10. As of the Petition Date, the Debtor was current with some of the Utility Companies and had unpaid balances with others. The Debtor intends to remain current on all of its post-petition obligations to Utility Companies.

## ADEQUATE ASSURANCE OF PERFORMANCE

11. Section 366 of the Bankruptcy Code prohibits a utility company from altering, refusing or discontinuing service to a chapter 11 debtor within the first thirty (30) days

---

[1] The Debtor remits payment for electric, natural gas and water service for its leased warehouse space located at 584 Route 130, Hamilton, New Jersey directly to the lessor of the premises pursuant to that certain Licensing Agreement dated June 17, 2008 between Normandy Hamilton Acquisition, LLC as licensor and the Debtor as licensee. Normandy Hamilton Acquisition, LLC currently holds a security deposit to assure, *inter alia*, payment of these utility services.

[2] While the Debtor believes that all of its Utility Companies are listed in Exhibit C, it is possible that certain Utility Companies may have been inadvertently omitted from this list. Accordingly, the Debtor reserves the right to amend Exhibit C to add any omitted Utility Company and to request that the relief set forth in this Motion apply to such entities. In addition, the Debtor reserves the right to assert that any of the entities now or hereafter listed in Exhibit C are not "utilities" within the meaning of section 366 of the Bankruptcy Code.

of the bankruptcy filing (the "Utilities Stay Period"). Upon expiration of the Utilities Stay Period, section 366(b) of the Bankruptcy Code provides that a utility company may terminate services if the utility company has not received adequate assurance of payment from the chapter 11 debtor.

        12. Adequate assurance of payment as defined within section 366(c)(1)(A) of the Bankruptcy Code, includes "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; (vi) or another form of security that is mutually agreed on between the utility and the debtor or trustee." 11 U.S.C. § 336(c)(1)(A).

        13. The Debtor proposes to provide each Utility Company with a cash deposit equal to two weeks' estimated average utility consumption (the "Utility Deposit") within five (5) business days after the date of entry of the Final Order granting this Motion as adequate assurance of payment as required by section 366(c)(1)(A) of the Bankruptcy Code.[3]

        14. In addition, the Debtor seeks to establish reasonable procedures by which Utility Companies may request additional assurance of future performance. The Debtor proposes the following procedures:

    (a)    Absent a further order of this Court and except as otherwise provided herein, the Utility Companies may not alter, refuse or discontinue service to, or discriminate against, the Debtor on account of the commencement of its chapter 11 case or any unpaid pre-petition charges, or request payment of an additional deposit or receipt of other security in connection with any unpaid pre-petition charges.

    (b)    The Debtor will serve the Motion and the Interim Order, if granted by the Court, via first-class mail, within five (5) business days after the date that the Interim Order is

---

[3] As of the Petition Date, the Debtor had already remitted an aggregate security deposit of $27,000 in connection with its five (5) electric/gas accounts with PSE&G. Because the amount of the aggregate security deposit already in place exceeds the Debtor's projected two weeks' aggregate usage of approximately $11,075.00 for these accounts, the Debtor submits that no additional security deposit is necessary.

entered by the Court, on each of the Utility Companies identified on Exhibit C attached hereto. In the event that any Utility Company was omitted from Exhibit C, the Debtor shall have the right to supplement Exhibit C and shall promptly provide notice of the Order upon learning of such Utility Company.

(c) Any Utility Company may request assurance of payment (an "Additional Payment Request") within thirty (30) days after the Petition Date (the "Additional Payment Request Deadline") by submitting the request to counsel to the Debtor, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attention: S. Jason Teele, Esq.

(d) Any Additional Payment Request must (i) be in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor; (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment; and (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable.

(e) If a Utility Company makes a timely Additional Payment Request that the Debtor believes is reasonable, the Debtor shall be authorized in its sole discretion to comply with such request without further order of the Court.

(f) If the Debtor believes that a Utility Company's Additional Payment Request is unreasonable, the Debtor will schedule a hearing on not less than twenty (20) days notice (a "Determination Hearing") to determine if additional assurance as to payment to such Utility Company is necessary.

(g) Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtor.

(h) If a Utility Company fails to send an Additional Payment Request by the Additional Payment Request Deadline,

such Utility Company shall have waived its right to make an Additional Payment Request. (Utility Companies that do not send Additional Payment Requests to the party set forth above by the Additional Payment Request Deadline shall be collectively referred to herein as the "Consenting Utility Companies").

## BASIS FOR RELIEF

15. The relief requested herein is proper pursuant to sections 105(a) and 366 of the Bankruptcy Code. First, section 366 of the Bankruptcy Code is specifically designed to simultaneously protect the interests of both the debtor and the utility companies. The interests of the debtor are protected to the extent that the Bankruptcy Code prohibits the automatic termination of utility services on account of outstanding prepetition invoices. Likewise, the interests of the utility companies are protected to the extent the Bankruptcy Code requires the debtor to provide adequate assurance of payment for future utility services. *See* H.R. Rep. No. 95-595, at 350 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6306.

16. During the first thirty (30) days after the Petition Date, a utility company may not alter, refuse or discontinue services to a chapter 11 debtor on account of outstanding pre-petition invoices. 11 U.S.C. § 366(c)(2). Upon expiration of the Utilities Stay Period, however, a utility company may terminate its services if the debtor has not provided the utility company with "adequate assurance" of payment in the form of a deposit or other security for post-petition services. 11 U.S.C. § 366(b).

17. Section 366(c)(1)(A) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), defines "adequate assurance of payment" as "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed upon between the utility and the debtor or the trustee." Although the amended provision specifies the form of assurance, the determination of whether the amount

of assurance is deemed adequate remains within this Court's discretion.

18. Courts have continued to follow pre-BAPCPA case law for guidance in determining whether the debtor has provided adequate assurance of payment. *See In re Anchor Glass Container Corp.*, 342 B.R. 872, 874-875 (Bankr. M.D. Fla. 2005); *In re Astle*, 338 B.R. 855, 860 (Bankr. D. Idaho 2006). As set forth in relevant pre-BAPCPA case law, courts generally explore the facts and circumstances of each case to ensure that a utility company is not subject to an unreasonable risk of nonpayment for post-petition services. *See e.g. In re Keydata Corp.*, 12 B.R. 156, 158 (1st Cir. B.A.P. 1981). When determining what constitutes "adequate" assurance, a bankruptcy court must "focus upon the need of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Virginia Elec. & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646, 650 (2d Cir. 1997) (quoting *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)).

19. Courts construing section 366(b) of the Bankruptcy Code have further recognized that adequate assurance of payment does not constitute an absolute guaranty of the debtor's ability to pay. *See, e.g., In re Caldor, Inc. NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guaranty of payment.'") (citation omitted).

20. In addition, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The purpose of section 105(a) is to "assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 at 105-106 (15th ed. rev. 2004).

21. The Debtor respectfully submits that this Court should use its equitable powers under section 105(a) of the Bankruptcy Code because the relief requested is necessary to ensure normal operations at the Debtor's facilities. The Debtor's cash flow will be materially

impacted if the Utility Companies are permitted to condition post-petition services on the payment of exorbitantly burdensome deposits or other extreme forms of adequate protection. The Debtor proposes a two-week cash deposit as adequate assurance of future payment. The relief sought herein is thus necessary to the extent it prevents a utility company from conditioning post-petition utility services on unreasonable demands.

22. As set forth above, if Utility Companies are permitted to terminate utility services on the thirty-first day after the Petition Date, a substantial disruption to the Debtor's operations will occur, and the Debtor's business will be irreparably harmed. If faced with the imminent termination of utility services, the Debtor may be forced to pay any amount demanded by the Utility Companies to avoid the cessation of essential utility services.

23. The Debtor submits that the procedures set forth herein provide an orderly process for providing adequate assurance of payment to the Utility Companies, without risking irreparable harm to its estate. Because the fundamental nature of section 366 of the Bankruptcy Code has not been changed by BAPCPA -- that the Court has discretion to modify any request for assurance of payment and that the assurance of payment need only be adequate in light of the facts and circumstances of a given case -- the determination procedures are similar to those approved by courts prior to BAPCPA. However, as set forth above, and in accordance with section 366(c)(1)(A) of the Bankruptcy Code, the Debtor will provide additional assurance of payment, if deemed necessary by the Court, if a Utility Company makes an Additional Payment Request.

24. Without the procedures set forth herein, the Debtor could be forced to address numerous requests by Utility Companies in a haphazard manner at a critical period, while the Debtor is trying to move forward with its chapter 11 case. The Debtor could be forced to capitulate to almost any demands made by its Utility Companies, or face the discontinuation of utility service to its facilities and a potential shutdown of its business. The orderly process contemplated by the procedures set forth herein will avert such a potentially disastrous outcome, enabling the Debtor to make a smooth transition into chapter 11, while ensuring a fair process for

providing adequate assurance to the Utility Companies to the extent required.

26. Procedures similar to those detailed herein have been approved by courts in this District and Circuit under the standards set forth by Congress in BAPCPA. *See, e.g.*, *In Princeton Laundry, Inc.*, Case No. 08-12744 (DHS) (Bankr. D.N.J. Feb. 20, 2008); *In re Princeton Ski Shop, Inc.*, Case No. 07-26206 (MS) (Bankr. D.N.J. Nov. 7, 2007); *In re Marcal Paper Mills, Inc.*, Case No. 06-21886 (MS) (Bankr. D.N.J. Dec. 4, 2006); *In re Best Mfg. Group LLC*, Case No. 06-17415 (DHS) (Bankr. D.N.J. August 11, 2006); *In re Beth Israel Hosp. Ass'n of Passaic*, Case No. 06-16168 (RTL) (Bankr. D.N.J. July 31, 2006); *In re Nelson Nutraceutical, Inc.*, Case No. 06-10072 (PJW) (Bankr. D. Del. Feb. 23, 2006).

26. Based on the foregoing facts and authorities, the Debtor believes that granting the relief requested will not prejudice the rights of the Utility Companies under section 366 of the Bankruptcy Code.

## NOTICE

27. No trustee, examiner or, creditors' committee has been appointed in this chapter 11 case. Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of New Jersey; (iv) the Internal Revenue Service; (v) the Debtor's twenty largest unsecured creditors; (vi) counsel to Patriarch Partners Agency Services, LLC, as agent for the Debtor's secured term loan lenders, (vii) The Bank of New York Mellon, as trustee and collateral agent for the Debtor's 1% Convertible Senior Secured PIK Notes due 2016, (viii) the Utility Companies listed on Exhibit C of this Motion and (ix) all parties on who entered a notice of appearance pursuant to Fed.R.Bankr.P. 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

28. No previous motion for the relief sought herein has been made to this or to any other court.

## WAIVER OF BRIEF

29. As no novel issue of law is raised and the relevant authorities relied upon by the Debtor are set forth herein, the Debtor respectfully requests that the requirement under D.N.J. LBR 9013-2 of filing a brief be waived.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Interim Order, in substantially the form attached hereto as **Exhibit A**, and a Final Order, in substantially the form attached hereto as **Exhibit B**, (i) prohibiting the Utility Companies from discontinuing, altering or refusing service to the Debtor except as set forth herein, (ii) deeming the Utility Companies adequately assured of future performance on the basis of the Utility Deposits, (iii) establishing procedures for resolving requests for additional assurance of payment, and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

 /s/ S. Jason Teele
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Thomas A. Pitta, Esq. (TP 3018)
Timothy R. Wheeler, Esq. (TW 3466)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Proposed Counsel to the Debtor and Debtor in Possession*

Dated: February 24, 2010
Roseland, New Jersey