| |
|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** |
| *Caption in compliance with D.N.J. LBR 9004-2(c)*<br><br>COOLEY GODWARD KRONISH LLP<br>Richard S. Kanowitz, Esq. (RK 0677)<br>Jay R. Indyke, Esq. (JI 0363)<br>Michael A. Klein, Esq. (MK 7479)<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel. (212) 479-6000<br>Fax. (212) 479-6275<br><br>*Proposed Attorneys for the Official Committee of<br>Unsecured Creditors of EPV Solar, Inc.* |
| In re:<br><br>EPV SOLAR, INC.,<br><br>      Debtor |

Chapter 11

Case No.: 10-15173 (MBK)

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN COOLEY GODWARD KRONISH LLP AS ITS COUNSEL *NUNC PRO TUNC* TO MARCH 10, 2010

The Official Committee of Unsecured Creditors (the "Committee") of EPV Solar, Inc. (the "Debtor"), hereby submits this application (the "Application") to retain Cooley Godward Kronish LLP ("Cooley") as its counsel, *nunc pro tunc* to March 10, 2010, pursuant to § 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"), and Rule 9004-2 of the District of New Jersey Local Bankruptcy Rules, and respectfully represents as follows:

991202v3
1621132 v1/NY

## BACKGROUND

1. On February 24, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

2. On March 10, 2010, the Committee was appointed by the Office of the United States Trustee (the "US Trustee") consisting of the following five members (i) Guardian Ignition Interlock Manufacturing, Inc.; (ii) Advanced Energy Industries, Inc.; (iii) AGC Flat Glass North America; (iv) Grant Thornton LLP; and (v) Renishaw, Inc. That same day, the Committee met and decided that it wished to retain Cooley as its counsel and Deloitte Financial Advisory Services LLP as its financial advisors in this case.

## REQUESTED RELIEF AND REASONS THEREFOR

3. The Committee respectfully suggests that Cooley's expertise in (i) reorganizations in the chapter 11 context and (ii) the clean technology industry in general and the solar power sector in particular places Cooley in a position whereby it can provide efficient and cost effective representation to the Committee. Indeed, in light of Cooley's extensive experience in representing unsecured creditors in chapter 11 cases throughout the United States, the Committee believes that Cooley is well qualified to represent it in conjunction with this matter.

4. The attorneys in the bankruptcy group of Cooley have significant experience representing creditors' committees in chapter 11 cases throughout the country. Accordingly, its expertise is well established and known and should enable fees to be minimized in this proceeding. Cooley attorneys have extensive experience in representing creditors committees in sophisticated chapter 11 proceedings across the country such as: Archibald Candy in Chicago, Illinois; Boscov's in Wilmington, Delaware; Corona Food Products in Brooklyn, New York; Eddie Bauer in Wilmington, Delaware; Federated Department Stores in Cincinnati, Ohio;

Filene's Basement in Wilmington, Delaware; G.I. Joe's in Wilmington, Delaware; Goody's in Wilmington, Delaware; Gottschalk's in Wilmington, Delaware; KB Toys in Wilmington, Delaware; Lenox Sales in New York, New York; Levitz Home Furnishings in New York, New York; Long John Silver's Restaurants in Wilmington, Delaware; Long Rap in Washington, D.C.; Mervyn's in Wilmington, Delaware; Montgomery Ward in Wilmington, Delaware; Pizzeria Uno in New York, NY; Ritz Camera Centers in Wilmington, Delaware; Samsonite Company Stores in Wilmington, Delaware; Sharper Image in Wilmington, Delaware; Ski Market in Springfield, Massachusetts; Sports Collectibles in Wilmington, Delaware; Stage Stores in Houston, Texas; Steve and Barry's in New York, New York; and Sweet Factory in Boston, Massachusetts.

5.  Cooley also has experience in representing creditors committees in New Jersey cases, including Blades Board & Skate; Herman's Sporting Goods; Innovation Luggage; JRM Buying Corp.; Pelican Pool and Ski Center; Petite Concepts, Princeton Ski Shops and Today's Man II. Accordingly, Cooley is well qualified to represent the Committee in these chapter 11 proceedings, and it is respectfully requested that the Committee be authorized to retain Cooley effective as of March 10, 2010.

6.  The professional services that Cooley will render, include, but are not limited to, the following:

(i)  Attend meetings of the Committee;
(ii)  Review financial information furnished by the Debtor to the Committee;
(iii)  Review and investigate the liens of purported secured parties;
(iv)  Confer with the Debtor's management and counsel;
(v)  Coordinate efforts to sell assets of the Debtor in a manner that maximizes the value for unsecured creditors;
(vi)  Review the Debtor's proposed business plan;
(vii)  Advise the Committee as to the ramifications regarding all of the Debtor's activities and motions before this Court;

    (viii)  Investigate potential causes of action that may inure to the benefit of the Committee's constituency;

    (ix)  File appropriate pleadings on behalf of the Committee;

    (x)  Review and analyze accountant's work product and reports to the Committee;

    (xi)  Provide the Committee with legal advice in relation to the case;

    (xii)  Prepare various applications and memoranda of law and handle all other matters relating to the representation of the Committee that may arise;

    (xiii)  Assist the Committee in negotiations with the Debtor and other parties in interest on any plan of reorganization that may be proposed;

    (xiv)  Provide information to creditors in accordance with § 1102(b)(3) of the Bankruptcy Code, subject to confidentiality agreements and orders of the Court; and

    (xv)  Perform such other legal services for the Committee as may be necessary or proper in these proceedings.

7. The Committee is satisfied that Cooley has no interest adverse to the Debtor's estate.

8. The Committee is of the opinion that it is necessary to employ Cooley and that such employment is in the best interest of the Debtor's estate. Cooley will work closely with Debtor's counsel to make certain that there is no duplication of effort on behalf of the Committee.

9. Based upon the affidavit of Jay R. Indyke, attached hereto, the Committee is satisfied that (i) Cooley represents no interest adverse to the Committee, the Debtor or its estate in the matters upon which it is to be engaged and that its employment is in the best interest of the estate, (ii) Cooley has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) Cooley has not been paid any retainer against which to bill fees and expenses

10. Cooley has advised the Committee that its fees will be commensurate with fees charged to its other clients and fees charged in cases of this size. Cooley has also advised the

4

Committee that it intends to make application to the Court for allowance of its fees. The compensation of Cooley for services rendered on behalf of the Committee shall be fixed by this Court after due application herein pursuant to the rules of this Court.

11. Pursuant to any administrative order establishing procedures for allowance and payment of interim compensation and reimbursement of expenses to professionals entered in the case (the "Interim Compensation Order"), Cooley will provide monthly statements to the (i) counsel for the Debtor, (ii) counsel for the Debtor's prepetition and postpetition lenders; (iii) the U.S. Trustee, and (iv) all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002 for professional services rendered and charges and disbursements incurred on behalf of the Committee, and agrees to be compensated on an interim basis according to the procedures set forth therein.

12. For professional services, fees are based on Cooley's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who will provide services to the Committee. The current hourly rates are set forth below and remain subject to periodic adjustment.

| Attorney | Status | Hourly Rate |
|---|---|---|
| Jay R. Indyke | Partner | $810 |
| Richard S. Kanowitz | Partner | $730 |
| Michael Klein | Associate | $550 |
| Richelle Kalnit | Associate | $500 |

13. Consistent with the firm's policy with respect to its other clients, Cooley will continue to charge the Committee for all other services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research,

5

1621132 v1/NY

postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately.

## NOTICE AND PRIOR APPLICATION

14. Notice of the instant Application is being given to (i) counsel for the Debtor, (ii) counsel for the Debtor's prepetition and postpetition lenders; (iii) the U.S. Trustee, and (iv) all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002. Because of the nature of the relief requested, the Committee respectfully submits that no further notice of the relief requested is necessary or required under the circumstances.

15. No prior application has been made in this or any other Court.

16. To the best of the Committee's knowledge, Cooley has no connection with the creditors or any other adverse party of its attorneys except as otherwise stated in the attached affidavit of Jay R. Indyke.

**WHEREFORE,** the Committee hereby requests that it be authorized to employ Cooley as its counsel *nunc pro tunc* to March 10, 2010 and that said firm be paid such compensation as may be allowed by this Court.

Dated: New York, NY
      March 26, 2010

                                    Respectfully submitted,

                                    THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF EPV SOLAR, INC.

                                    By:  /s/ Martha E.M. Kopacz
                                             Martha E.M. Kopacz (Committee Chairperson)
                                             Grant Thornton LLP

1621132 v1/NY

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in compliance with D.N.J. LBR 9004-2(c)*<br><br>COOLEY GODWARD KRONISH LLP<br>Richard S. Kanowitz, Esq. (RK 0677)<br>Jay R. Indyke, Esq. (JI 0363)<br>Michael A. Klein, Esq. (MK 7479)<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel. (212) 479-6000<br>Fax. (212) 479-6275<br><br>*Proposed Attorneys for the Official Committee of Unsecured Creditors of EPV Solar, Inc.* | |
| In re:<br><br>EPV SOLAR, INC.,<br><br>              Debtor | Chapter 11<br><br>Case No.: 10-15173 (MBK) |

**AFFIDAVIT OF JAY R. INDYKE IN SUPPORT OF APPLICATION OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
AUTHORITY TO RETAIN COOLEY GODWARD KRONISH LLP
AS ITS COUNSEL *NUNC PRO TUNC* TO MARCH 10, 2010**

| | |
|---|---|
| **STATE OF NEW YORK** | ) |
| | ) ss: |
| **COUNTY OF NEW YORK** | ) |

      JAY R. INDYKE, being duly sworn, deposes and says:

      1.    I am an attorney at law and a member of the firm of Cooley Godward Kronish LLP ("Cooley"). I make this affidavit pursuant to § 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014. I have personal knowledge of all of the facts stated in this affidavit except as expressly stated herein.

1621132 v1/NY

2. Cooley is a law firm of approximately 650 attorneys with its New York offices located at 1114 Avenue of the Americas, New York, New York 10036-7798. Although Cooley does not have offices in New Jersey, members of Cooley's bankruptcy and restructuring group, including Richard S. Kanowitz, are members of the bar of the State of New Jersey and admitted to practice in the courts thereof. Subject to this Court's approval of our retention, Cooley proposes to provide legal services to the Official Committee of Unsecured Creditors (the "Committee") of EPV Solar, Inc. (the "Debtor"), in this proceeding at the rates approved by the Court.

## BACKGROUND

3. On February 24, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4. On March 10, 2010, the Committee was appointed by the Office of the United States Trustee (the "US Trustee") consisting of the following five members (i) Guardian Ignition Interlock Manufacturing, Inc.; (ii) Advanced Energy Industries, Inc.; (iii) AGC Flat Glass North America; (iv) Grant Thornton LLP; and (v) Renishaw, Inc. That same day, the Committee met and decided that it wished to retain Cooley as its counsel and Deloitte Financial Advisory Services LLP as its financial advisors in this case.

## COOLEY'S DISCLOSURE PROCEDURES

5. In order to prepare this affidavit, Cooley compared the Debtor's bankruptcy petition and list of top 20 creditors, list of equity holders, along with pleadings that have been filed with the Court to date, with the information contained in the conflict check systems and adverse party indexes currently maintained by Cooley (collectively, the "Conflict Check

System"). The facts stated in this affidavit as to the relationship between Cooley lawyers and the Debtor, the Debtor's creditors, other parties in interest, the respective attorneys and accountants, the US Trustee, other persons employed by the US Trustee, and those persons and entities who are defined as not disinterested persons in § 101(14) of the Bankruptcy Code are based upon the results of the review of the Conflict Check System. I understand that there is a continuing duty to disclose any adverse interest and change in disinterestedness.

6. The Conflict Check System is a computerized database of current and former clients and adverse and related parties that are regularly maintained and updated in the course of the firm's business. These procedures are designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now or has been engaged, and, in each instance, to include and record the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is Cooley's policy that that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Cooley and reflects entries that are noted in the systems at the time the information becomes known by persons whose regular duties include recording and maintaining this information. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter. As a partner of the firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Cooley and in my practice of law.

## COOLEY'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THIS CHAPTER 11 CASE

7. Cooley has in the past represented, currently represents, and may in the future represent entities that are claimants of the Debtor in matters unrelated to the Debtor's pending chapter 11 cases. Cooley, which employs approximately 650 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations. Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtor's pending chapter 11 case or to otherwise have interests in this case.

8. Any client connections with regard to which Cooley had represented the client within the past two years were reviewed by an attorney working under my supervision and from such review it was determined that, in respect of each connection between Cooley and such parties, Cooley does not have an interest adverse to the Debtor's estate.

9. To the best of my knowledge, no attorney at Cooley holds a direct or indirect equity interest in the Debtors or has a right to acquire such an interest.

10. No attorney at Cooley is or has served as an officer, director, or employee of the Debtor.

11. No attorney at Cooley is in control of the Debtor or is a relative of a general partner, director, officer or person in control of the Debtor.

12. No attorney at Cooley is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

13. No attorney at Cooley is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor.

14. No attorney at Cooley has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor.

15. No attorney at Cooley presently represents, or in the past has represented a creditor, general partner, lessor, lessee, party to an executory contract of the Debtor, any person otherwise adverse or potentially adverse to the Debtor or its estate, on any matter, whether such representation is related or unrelated to the Debtor or its estate except that:

- Cooley currently represents unsecured creditor Grant Thornton in matters wholly unrelated to this chapter 11 case;

- Cooley previously represented a predecessor of unsecured creditor Heller Ehrman LLP in matters wholly unrelated to this chapter 11 case;

- Cooley currently represents unsecured creditor Advanced Energy in matters wholly unrelated to this chapter 11 case;

- Cooley attorneys represented Bank of New York Mellon while previously employed at another law firm in connection with matters wholly unrelated to this chapter 11 case;

16. To the best of my knowledge no attorney at Cooley has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or its estate, on any matter substantially related to this proceeding except as set forth in the preceding paragraph.

17. No attorney at Cooley represents an insider of the Debtor, any subsidiary, or other affiliate.

18. No attorney at Cooley has been paid fees prepetition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in this proceeding except as set forth herein.

19. There is no agreement of any nature, other than the Cooley partnership agreement, as to the sharing of any compensation to be paid to Cooley.

20. No attorney at Cooley has any other connection with the Debtor, creditors, US Trustee, or any employee of that office, or any parties in interest in this proceeding, except that 5 attorneys currently employed by Cooley previously represented the Debtor on discreet matters wholly unrelated to this chapter 11 case while employed at another law firm. Cooley is in the process of establishing an "ethical screen" between these attorneys and the attorneys that will be working on the Committee representation in this case, and no information acquired by these attorneys in connection with such representation will be made available to Cooley attorneys in connection with these proceedings.

21. To the best of my knowledge, no attorney at Cooley has any other interest, direct or indirect, that may be affected by the proposed representation.

## COOLEY'S RATES AND BILLING PRACTICES

22. The services Cooley have agreed to perform are detailed in the accompanying retention application and the same is incorporated herein by reference. The attorneys and professionals who are presently contemplated to be working on the engagement and their present hourly rates are set forth in the retention application. The attorney having primary responsibility on the engagement shall be affiant, a partner in the firm.

23. Cooley has agreed to provide legal services to the Committee and recognizes that any allowance of compensation for services rendered on behalf of the Committee in connection with this proceeding and any reimbursement of disbursements made in connection therewith are subject to the prior approval and authorization by order of this Court. Cooley realizes that any application for fees must be supported by detailed contemporaneous time records.

24. Pursuant to any administrative order establishing procedures for allowance and payment of interim compensation and reimbursement of expenses to professionals entered in the

case (the "Interim Compensation Order"), Cooley will provide monthly statements to the (i) counsel for the Debtor, (ii) counsel for the Debtor's prepetition and postpetition lenders; (iii) the US Trustee, and (iv) all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002 for professional services rendered and charges and disbursements incurred on behalf of the Committee, and agrees to be compensated on an interim basis according to the procedures set forth therein.

25. For professional services, fees are based on Cooley's standard hourly rates. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Committee. The current hourly rates are set forth in Cooley's retention application and are subject to periodic adjustment.

26. Consistent with the firm's policy with respect to its other clients, Cooley will continue to charge the Committee for all other services provided and for other charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost and document production services (including regular secretarial and word processing time), will not be charged for separately. Cooley shall at all times adhere to any local rule or chambers guidelines with respect to reimbursement of expenses.

27. Cooley did not receive a retainer with respect to this representation.

28. Notice of the retention application along with this affidavit is being given to (i) counsel for the Debtor; (ii) counsel for the Debtor's prepetition and postpetition lenders; (iii) the US Trustee, and (iv) all parties filing an entry of appearance and request for notices pursuant to

Fed. R. Bankr. P. 2002. Because of the nature of the relief requested, the Committee respectfully submits that no further notice of the relief requested is necessary or required under the circumstances.

Dated: New York, New York
      March 26, 2010

/s/ Jay R. Indyke
Jay R. Indyke

Sworn to before me this
26th day of March, 2010

/s/ Theresa K. Hammond

Notary Public


THERESA K. HAMMOND
Notary Public, State of New York
No. 4650925
Qualified in Suffolk County
Commission Expires July 31, 2013

| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| *Caption in compliance with D.N.J. LBR 9004-2(c)*<br><br>COOLEY GODWARD KRONISH LLP<br>Richard S. Kanowitz, Esq. (RK 0677)<br>Jay R. Indyke, Esq. (JI 0363)<br>Michael A. Klein, Esq. (MK 7479)<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel. (212) 479-6000<br>Fax. (212) 479-6275<br><br>*Proposed Attorneys for the Official Committee of Unsecured Creditors of EPV Solar, Inc.* |

| | |
|---|---|
| In re:<br><br>EPV SOLAR, INC.,<br><br>                    Debtor | Chapter 11<br><br>Case No.: 10-15173 (MBK) |

**ORDER AUTHORIZING THE RETENTION OF COOLEY GODWARD KRONISH LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF <u>UNSECURED CREDITORS *NUNC PRO TUNC* TO MARCH 10, 2010</u>**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby ORDERED.

Dated: Trenton, New Jersey
       April __, 2010

                                                    _____
                                                    Honorable Michael B. Kaplan
                                                    United States Bankruptcy Judge

1621132 v1/NY

Upon the application (the "Application"),[1] of the Official Committee of Unsecured Creditors (the "Committee") of EPV Solar, Inc., (the "Debtor"), to retain Cooley Godward Kronish LLP ("Cooley") as its counsel, *nunc pro tunc* to March 10, 2010 pursuant to § 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 9004-2 of the District of New Jersey Local Bankruptcy Rules; and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Application having been provided to (i) counsel for the Debtor, (ii) counsel for the Debtor's prepetition lenders; (iii) the U.S. Trustee, and (iv) all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002, and it appearing that no other or further notice need be provided; and it appearing that Cooley is qualified to represent the Committee and that Cooley represents no interest adverse to the Debtor, its creditors or the Debtor's estate in the matters upon which it is to be engaged, and it appearing that Cooley's employment is necessary and would be in the best interest of the Debtors' estates and their creditors, and no adverse interests are represented requiring notice; and upon the affidavit of Jay R. Indyke, a member of Cooley; and upon all of the proceedings had before the Court, it is hereby ORDERED that:

    1.    The Committee is authorized to employ Cooley as its co-counsel *nunc pro tunc* to March 10, 2010.

    2.    Cooley shall comply with any Interim Compensation Order entered by this Court.

    3.    The compensation of Cooley for services rendered to the Committee shall be fixed by this Court after due application to this Court based upon contemporaneous time

---

[1] Any capitalized term not defined herein shall have the meaning ascribed to it in the Application.

records and hearing pursuant to §§ 330 and 331 of the Bankruptcy Code and the rules of this Court.

      4.    A true copy of this Order shall be served on all parties-in-interest within seven (7) days hereof.