UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Timothy R. Wheeler, Esq. (TW 3466)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Counsel to the Debtor*
*and Debtor in Possession*

---

In re:

EPV SOLAR, INC.,

                    Debtor.

Chapter 11

Case No. 10-15173 (MBK)

---

FILED
JAMES J. WALDRON, CLERK
MAY 1 0 2010
U.S. BANKRUPTCY COURT
TRENTON, N.J
BY _____ DEPUTY

---

**FINAL DIP FINANCING ORDER (A) AUTHORIZING THE DEBTOR TO OBTAIN
POST-PETITION FINANCING, GRANT SECURITY INTERESTS AND LIENS AND
ACCORD PRIORITY STATUS PURSUANT TO 11 U.S.C. §§ 361, 364(c) AND 364(d); (B)
AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §
363(c)(2)(B); (C) GRANTING ADEQUATE PROTECTION; (D) GIVING NOTICE OF
FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)(2) AND (c)(2); AND
(E) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

The relief set forth on the following pages, numbered two (2) through ~~forty (40),~~ thirty nine (39),
is hereby **ORDERED.**

Michael D. Kaplan

_____
MICHAEL B. KAPLAN,
U.S.B.J

Page:               2
In Re:              EPV Solar, Inc.
Case No.:           10-15173 (MBK)
Caption of Order:   Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                    Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                    364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                    363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                    to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                    11 U.S.C. § 362(d)

**THIS MATTER,** came before the Court on the Debtor's (I) Motion[1] for Interim

and Final Orders (A) Authorizing The Debtor to Obtain Post-petition Financing, Grant Security

Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c), and 364(d);

(B) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (C) Granting

Adequate Protection; (D) Giving Notice of Final Hearing Pursuant to Bankruptcy Rules

4001(b)(2) and (c)(2); and (E) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) (the

"DIP Financing Motion"), and (II) Emergency Supplemental Application for a Final Order (a)

authorizing the Debtor to obtain post-petition Financing, Grant Security Interests and Liens

accord priority status pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) authorizing use of

cash collateral pursuant to 11 U.S.C. § 363(c)(2)(B); (c) granting adequate protection; (d) giving

notice of final hearing pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2); and (e) modifying the

Automatic Stay pursuant to 11 U.S.C. § 362(d) (the "Supplemental DIP Financing Motion" and,

together with the DIP Financing Motion, the "Motion"); the Court having reviewed the Motion,

all pleadings filed in support of or opposition to the Motion, and all matters brought to the

Court's attention at the final hearing held on May ⊗ 2010 pursuant to Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") 4001(b)(2) and (c)(2) (the "Final Hearing"); and

all objections to the relief requested in the Motion having been withdrawn, resolved, or overruled

by the Court, and it appearing that proper notice of the Motion has been given and the relief

requested in the Motion being in the best interests of the Debtor, its estate and creditors, and

upon the record herein; and after due deliberation and sufficient cause appearing therefore,

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
     DIP Financing Motion, the Supplemental DIP Financing Motion, the Term Sheet, the Supplemental Term
     Sheet, the Existing DIP Credit Agreement (as defined herein), or the Interim DIP Financing Order (as defined
     herein).

Page:              3
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                   Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                   364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                   363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                   to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                   11 U.S.C. § 362(d)

---

## IT IS HEREBY FOUND THAT:

A.    On February 24, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Chapter 11 Case") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

B.    Since the Petition Date, the Debtor has continued to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case.

C.    On March 10, 2010, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

D.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 Case and the Motion in this District are proper under 28 U.S.C. §§ 1408 and 1409.

E.    The statutory predicates for the relief sought in the Motion are sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014.

F.    As of the Petition Date, the Debtor asserts that it was indebted, on a secured basis, under a credit agreement, dated as of November 18, 2009 (as amended, restated, supplemented or otherwise modified from time to time (the "Prepetition Credit Agreement") with Patriarch Partners Agency Services, LLC (the "Prepetition Senior Agent"), and the lenders party thereto (collectively, with the Prepetition Senior Agent, the "Prepetition Senior Lenders"). In connection with the Prepetition Credit Agreement, the Debtor and Prepetition Senior Lenders are also parties to a security agreement (the "Prepetition Term Security Agreement," and together with the Prepetition Credit Agreement, the "Prepetition Senior Facility"), dated as of November 18, 2009 (as amended, restated, supplemented or otherwise modified from time to

| | |
|---|---|
| Page: | 4 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

time), which, *inter alia*, grants the Prepetition Senior Lenders liens on substantially all of the Debtor's assets.

G.    The Debtor asserts that its obligations under the Prepetition Senior Facility for outstanding principal and interest as of March 24, 2010 was $3,694,681.34 plus interest accruing until the date of full payment of the Prepetition Senior Facility. The Debtor further asserts that it may be obligated under the Prepetition Senior Facility for certain fees and expenses of the Prepetition Senior Lenders in an amount to be agreed upon by the parties or allowed by the Court.

H.    As of the Petition Date, the Debtor asserts that it was a party to an indenture (the "Senior Secured Notes Indenture"), dated as of June 4, 2009 (as amended, restated, supplemented or otherwise modified from time to time) with The Bank of New York Mellon, as trustee (the "Senior Secured Notes Trustee"), governing the 1% Convertible Senior Secured PIK Notes Due 2016 (the "Senior Secured Notes", and the holders of the Senior Secured Notes being the "Senior Secured Noteholders"). The Debtor asserts that its obligations under the Senior Secured Notes Indenture are secured as set forth in a security agreement (the "Senior Secured Notes Security Agreement"), dated as of June 4, 2009, (as amended, restated, supplemented or otherwise modified from time to time) with The Bank of New York Mellon as the collateral agent for the benefit of the Senior Secured Noteholders. The Senior Secured Notes were issued in exchange for 8% Convertible Senior Secured Notes Due 2010 (the "Old Notes") that had been issued by the Debtor pursuant to an Indenture dated as of June 20, 2007 (the "Old Indenture"). As a result of the exchange, all of the Old Notes have been or will be tendered to the Company and cancelled. For the avoidance of doubt and out of an abundance of caution, to the extent that The Bank of New York Mellon, as trustee and collateral agent (the

Page:              5
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
11 U.S.C. § 362(d)

---

"Old Notes Trustee"), or any holders of the Old Notes assert any rights, security interests, liens

or encumbrances relating to the Collateral, such rights, security interests, liens or encumbrances

are primed, subordinated and/or released to the same extent as the rights, security interests,

liens and encumbrances of the Senior Secured Notes Trustee and the Senior Secured

Noteholders relating to the Senior Secured Notes Indenture are primed, subordinated and/or

released under this Final Order.

I.     The Debtor asserts that the Senior Secured Noteholders' liens upon and

security interests in the Debtor's assets are subordinated to the liens and security interests of the

Prepetition Senior Lenders pursuant to a subordination agreement dated as of November 18,

2009 (as amended, restated, supplemented or otherwise modified from time to time, the

"Subordination Agreement"), among the Debtor, the Prepetition Senior Agent as administrative

agent for the Prepetition Senior Lenders, and the Senior Secured Notes Trustee in its capacity as

trustee and collateral agent for the Senior Secured Noteholders.

J.     The Debtor asserts that, pursuant to the Subordination Agreement, the

Debtor and the other borrowers under the Senior Secured Notes Indenture were required to

grant liens in favor of the Prepetition Senior Agent, senior to the Senior Secured Noteholders'

liens on the capital stock of the Non-Debtor Subsidiaries and the Senior Secured Notes Trustee

and the Senior Secured Noteholders agreed to take any actions and to deliver any documents

necessary to effectuate the same.

K.     As of the Petition Date, the Debtor asserts that its obligations under the

Senior Secured Notes totaled approximately $56.9 million.

L.     The Debtor stipulates, acknowledges and agrees, subject only to the

reservations set forth in Paragraph 18 hereof with respect to the Senior Secured Noteholders,

| | |
|---|---|
| Page: | 6 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

that (i) all obligations of the Debtor to the Prepetition Senior Lenders and the Senior Secured Noteholders constitute allowed, legal valid, binding enforceable and nonavoidable obligations of and claims against the Debtor; (ii) all liens and security interests in favor of the Prepetition Senior Lenders and the Senior Secured Noteholders constitute valid, perfected, enforceable and nonavoidable liens and security interests having such priority as set forth in the respective documents and/or instruments creating and/or providing for said liens and security interests and (iii) neither the Debtor nor its estate have any claims or causes of action against the Prepetition Senior Lenders or the Prepetition Senior Agent relating in any way to the Prepetition Senior Facility.

M.     On March 26, 2010, this Court approved the Amended Interim Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing on April 12, 2010 Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) (the "Initial Interim DIP Financing Order") (Docket No. 122), and authorized the Debtor to enter into that certain Priming Superpriority Debtor-in-Possession Credit Agreement, dated as of March 25, 2010 (the "Existing DIP Credit Agreement"), among the Debtor and EPV Germany, each as borrowers (the "Borrowers"), the DIP Lenders, and Wells Fargo Bank, N.A., in its capacity as DIP Agent (the "DIP Agent"). Pursuant to the Interim DIP Financing Order, the Borrowers borrowed $4,200,000 under the Existing DIP Credit Agreement (the "Initial Loans") and applied the proceeds of such loans pursuant to the terms of the Initial Interim DIP Financing Order and the Existing DIP Credit Agreement. As of the date hereof, the Initial Loans and all

Page:              7
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                   Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                   364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                   363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                   to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                   11 U.S.C. § 362(d)

---

other DIP Obligations under the Existing DIP Credit Agreement remain outstanding and are enforceable obligations of the Borrowers to the DIP Agent and the DIP Lenders.

N.   On March 26, 2010, this Court approved the Second Interim DIP Financing Order (the "Second Interim DIP Financing Order") (Docket No. 122), which extended the Initial Interim DIP Financing Order on the terms set forth therein.

O.   On April 19, 2010, this Court approved the Third Interim DIP Financing Order (the "Third Interim DIP Financing Order") (Docket No. 204), which further extended the duration of the Initial Interim DIP Financing Order on the terms set forth therein.

P.   On April 26, 2010, this Court approved the Fourth Interim DIP Financing Order (the "Fourth Interim DIP Financing Order") (Docket No. 253), which further extended the duration of the Initial Interim DIP Financing Order on the terms set forth therein. On May 5, 2010, this Court approved the Fifth Interim DIP Financing Order (the "Fifth Interim DIP Financing Order," (Docket No. 288) and together with the Initial Interim DIP Financing Order, the Second Interim DIP Financing Order, the Third Interim DIP Financing Order, and the Fourth Interim DIP Financing Order, the "Interim DIP Financing Orders"), which further extended the duration of the Initial Interim DIP Financing Order on the terms set forth therein.

Q.   As set forth in the Supplemental DIP Financing Motion and Supplemental Term Sheet, the Debtors found it necessary to secure additional post-petition financing. Accordingly, the Borrowers, the DIP Lenders (including Tenor Capital Management, L.P. and its affiliates ("Tenor Capital")), and the DIP Agent have agreed to amend the Existing DIP Credit Agreement to, among other things, provide for Tenor Capital to lend to the Debtor additional post-petition financing in the form of the Additional New Money Loans and the Additional Roll-Up Loans.

Page:            8
In Re:           EPV Solar, Inc.
Case No.:        10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                  Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                  364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                  363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                  to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                  11 U.S.C. § 362(d)

R.    The Debtor asserts that, without the New Loans and Additional New Money Loans, it does not have sufficient unencumbered cash or other assets to continue to operate its business in chapter 11, or to effectuate a reorganization.  Unless the Debtor is allowed to obtain the Additional New Money Loans and the Additional Roll-Up Loans from Tenor Capital in order to permit, among other things, the Debtor to pursue and potentially close the sale (the "Akart Sale Transaction") of its manufacturing assets to Akart Enerji Yatirimlari A.S. or its affiliates (collectively "Akart"), the Debtor's estate will be immediately and irreparably harmed.

S.    The Debtor asserts that only the DIP Lenders are willing to provide further post-petition financing to the Debtor and the Debtor is otherwise unable to obtain financing in the form of either (i) unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense or solely in exchange for the grant of a special administrative expense priority pursuant to section 364(c)(1) of the Bankruptcy Code, or (ii) a credit facility secured by liens that are junior to existing liens on property of the Debtor's estate pursuant to sections 364(c)(2) and (c)(3) of the Bankruptcy Code.  The Debtor can obtain financing in the amounts it requires only by the granting of liens, including priming liens pursuant to section 364(d) of the Bankruptcy Code, as hereinafter described, but only the DIP Lenders are willing to extend such financing to the Debtor on the expedited timetable required by the circumstances of the Chapter 11 Case.

T.    Tenor Capital is willing to furnish the Additional New Money Loans and the Additional Roll-Up Loans, upon the terms and conditions set forth in this Final Order, in that certain Priming Superpriority Debtor-in-Possession Credit Agreement, dated as of May 5, 2010 (the "Supplemental DIP Credit Agreement"), among the Debtor, Sunco (as defined below)

Page:             9
In Re:            EPV Solar, Inc.
Case No.:         10-15173 (MBK)
Caption of Order: Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                  Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                  364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                  363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                  to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                  11 U.S.C. § 362(d)

---

and EPV Germany, each as borrowers (the "Borrowers"), the DIP Lenders, and Wells Fargo

Bank, N.A., in its capacity as DIP Agent (the "DIP Agent"), the Supplemental Term Sheet,[2] and

all instruments, security agreements, assignments, pledges, mortgages and other documents in

connection therewith (collectively, the "Supplemental DIP Loan Documentation").

     U.   A condition to the willingness of the DIP Lenders to establish the DIP

Loans is that, as security for the prompt payment of all DIP Loans, including the Additional

New Money Loans and the Additional Roll-Up Loans, all interest, fees, expenses and other

charges at any time payable by the Debtor under the Existing DIP Credit Agreement, the Term

Sheet and the Supplemental DIP Loan Documentation, the DIP Lenders receive, inter alia,

pursuant to section 364(c)(1) a super-priority administrative expense claim having priority over

any and all administrative expenses, whether heretofore or hereafter incurred, of the kind

specified in sections 503(b) or 507(b) of the Bankruptcy Code (but subject to the Carve-Out);

pursuant to sections 364(c)(2), a perfected first-priority lien on all now owned or hereafter

acquired assets of any kind or nature of the Obligors and the proceeds thereof (the "Collateral"),

to the extent that such Collateral is not subject to valid, perfected and non-avoidable liens as of

the Petition Date; pursuant to section 364(c)(3) of the Bankruptcy Code, a perfected lien on all

the Collateral, to the extent that such Collateral is subject to valid, perfected and non-avoidable

liens in favor of third parties in existence at the time of the commencement of the Chapter 11

Case or to valid liens in existence at the time of such commencement that are perfected

subsequent to such commencement as permitted by Section 546(b) of the Bankruptcy Code

(other than property that is subject to the existing liens that secure the obligations under the

Senior Secured Notes Indenture, and, if applicable the Old Indenture which liens shall be

---

[2] For the avoidance of doubt, in the event of any inconsistencies between the Supplemental DIP Credit Agreement
and the Supplemental Term Sheet, the Supplemental DIP Credit Agreement shall control.

| | |
|---|---|
| Page: | 10 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

primed by the Priming DIP Liens except as provided in (w) below and as described below), subject to such liens in favor of such third parties (the "Second Priority DIP Liens"); and, pursuant to section 364(d) of the Bankruptcy Code, a perfected first priority, priming and senior security interest and lien granted to the DIP Agent, for the benefit of the DIP Lenders (the "Priming DIP Liens") in and on all the Collateral, subject in each case only to permitted exceptions to be agreed upon in writing by the DIP Lenders in their sole discretion, which permitted exceptions shall specifically include (w) the lien held by the Senior Secured Notes Trustee to secure the ~~Debtors~~ payment of the Senior Secured Notes Trustee's reasonable fees, disbursement and expenses, including the reasonable fees and expenses of the Senior Secured Notes Trustee's counsel (subject to the review period set forth in paragraph 8 hereof) (x) the payment of reasonable allowed and unpaid professional fees and disbursements incurred by the Obligors (excluding any incurred and unpaid professional fees and expenses of the DIP Agent or DIP Lenders payable pursuant to this Final Order) and any statutory committees appointed in the Chapter 11 Case in an aggregate amount not to exceed $725,000 of the proceeds of the DIP Loans advanced on and after the entry of the Initial DIP Interim Financing Order through and including the Maturity Date, of which (i) $350,000 shall be allocated to the Debtor's counsel and (ii) $375,000 shall be allocated to the Committee's retained professionals and the Court-approved, reasonable, out-of-pocket expenses (excluding legal fees) incurred by members of the Committee in furtherance of their statutory duties; (y) the payment of fees pursuant to 28 U.S.C. § 1930 to the extent related to the Case of the Obligors; and (z) in the event of the conversion of this case to a chapter 7 case, fees and expenses of the court-appointed chapter 7 trustee in an amount not to exceed $20,000 (clauses (w), (x), (y), and (z), together, the "Carve-Out"). The professionals retained by the Debtor and the Committee understand and agree that,

Page:              11
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                   Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                   364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                   363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                   to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                   11 U.S.C. § 362(d)

except as otherwise agreed by the Required DIP Lenders, the amounts specified in clauses (i)

and (ii) shall operate as a cap on the amount of such fees and expenses through the Effective

Date of a Plan of Reorganization filed by the Debtor and confirmed by the Court.

   V. Good cause has been shown for the entry of this Final Order and

authorization for the Debtor to obtain interim extensions of credit pursuant to the Term Sheet

and the Supplemental DIP Loan Documentation and to afford the DIP Agent and the DIP

Lenders the liens, security interests and adequate protection provided herein. The Debtor has

an immediate and critical need to obtain funds in order to continue the operations of its business

and to facilitate the Akart Sale Transaction. Interim financing of the type described herein, in

the Term Sheet and in the Supplemental DIP Loan Documentation is necessary to avoid

immediate and irreparable harm to the Debtor's estate and creditors and is the sole means for the

Debtor to maintain its potential going concern value and to conduct an orderly liquidation of its

manufacturing business. The Debtor's ability to finance its operations and the availability of

sufficient working capital and liquidity by the incurrence of new indebtedness for borrowed

money and other financial accommodations are vital to the confidence of the Debtor's

employees, the Debtor's vendors and suppliers of goods and services, and the overall success of

the Debtor's reorganization efforts.

   W. Entry of this Final Order will minimize disruption of the Debtor's business

and operations as a going concern, will preserve the assets of the Debtor's estate for the benefit

of their creditors, and is in the best interests of Debtor, its creditors and its estate. The terms of

the proposed financing described herein and in the Motion and in the Supplemental DIP Loan

Documentation appear fair and reasonable, reflect the exercise of prudent business judgment by

Page:              12
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                   Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                   364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                   363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                   to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                   11 U.S.C. § 362(d)

the Debtor, its directors and officers, and are supported by reasonably equivalent value and fair

consideration.

        X.    The Debtor is unable to obtain the funds which it requires in the form of

unsecured credit or unsecured debt allowable under section 503(b)(1) of the Bankruptcy Code

as an administrative expense pursuant to section 364(a) or (b) of the Bankruptcy Code, or

unsecured debt having the priority afforded by section 364(c)(1) of the Bankruptcy Code.

        Y.    This Final Order, the Term Sheet, the Supplemental Term Sheet and the

Supplemental DIP Loan Documentation have been negotiated in good faith and at arm's length

between the Debtor (including its directors, officers and subsidiaries), the DIP Agent, and the

DIP Lenders (including Tenor Capital).  The DIP Lenders (including Tenor Capital) have acted

in good faith in agreeing to provide the post-petition financing contemplated by this Final

Order, the Term Sheet, the Supplemental Term Sheet and the Supplemental DIP Loan

Documentation and have relied on this Final Order in extending such financing.  Therefore, the

extensions of credit to the Debtor under this Final Order shall be deemed to have been made by

the DIP Lenders (including Tenor Capital) in good faith within the meaning of section 364(e) of

the Bankruptcy Code.

        Z.    The Debtor asserts that notice of the Final Hearing was good and

sufficient by virtue of the Debtor's service, the DIP Financing Motion, the Supplemental DIP

Financing Motion, the Court's March 15, 2010 Order shortening the notice period and

scheduling a hearing on the DIP Financing Motion, the Court's April 19, 2010 Order shortening

the notice period and scheduling a hearing on the Supplemental DIP Financing Motion in

accordance with the requirements of said Order, and no other or further notice is necessary.

| | |
|---|---|
| Page: | 13 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

AA.  This Court has jurisdiction to enter this Final Order pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2), (D) and (M).

BB.  The following paragraphs in this Final Order contain "Extraordinary Provisions" as defined in the General Order Adopting Guidelines For Financing Requests dated November 25, 2009 (Wizmur, J.): ¶ L (Waivers and Concessions as to Validity of Prepetition Debt); ¶ U (Carve-Out); ¶ 1 (Rollups); ¶ 4(b) (Waiver of Debtor's Rights Under 11 U.S.C. § 506(c));¶ 12 (Termination Event/Events of Default).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:[3]  *the Court directs*

1.  <u>Motion Granted; Authorization to Obtain Financing.</u>  The Motion is hereby granted.  All objections to the Motion have been withdrawn, overruled, or otherwise resolved.  By virtue of the appearance of, and representations by, counsel to the Ad Hoc Group of Senior Secured Noteholders (the "Ad Hoc Group") at the Interim Hearing and the Final Hearing, a majority of the Senior Secured Noteholders is deemed to have approved and ~~directed~~ the amendment of the Senior Secured Notes Indenture and replacement financing of the Prepetition Senior Facility as described in the Supplemental DIP Loan Documentation and approved herein.[4]  The Debtor is hereby authorized to, in addition to the financing authorized pursuant to the Existing Interim DIP Financing Orders, (i) obtain extensions of credit (together with all interest, fees and other charges, including, without limitation, reasonable attorneys' fees

---

[3]  Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Bankruptcy Rule 7052.

[4]  The members of the Ad Hoc Group now hold approximately 77% of the Senior Secured Notes and have provided the above-referenced approval ~~and direction~~.

| | |
|---|---|
| Page: | 14 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

and costs, payable under the Supplemental DIP Loan Documentation) pursuant to the Supplemental DIP Loan Documentation, consisting of the Roll-Up Loans, the Additional New Money Loans and the Additional Roll-Up Loans; (ii) to incur any and all liabilities and obligations under the Supplemental DIP Loan Documentation, and to pay the fees of the DIP Agent and the DIP Lenders (including Tenor Capital) and all interest, fees, expenses and other obligations provided for under the Supplemental DIP Loan Documentation and as set forth in the Approved Budget; and (iii) to satisfy all conditions precedent and perform all obligations hereunder and thereunder in accordance with the terms hereof and thereof. Neither the DIP Agent nor the DIP Lenders (including Tenor Capital) shall have any obligation or responsibility to monitor Debtor's use of the DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) and may rely upon Debtor's representations that the amount of any DIP Loan (including any Additional New Money Loan and any Additional Roll-Up Loan) and the use thereof are in accordance with the requirements of this Final Order, the Supplemental DIP Loan Documentation, and Bankruptcy Rule 4001(c)(2). All DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) shall be due and payable, and shall be paid, by the Debtor in accordance with the requirements of this Final Order and the Supplemental DIP Loan Documentation. Except as otherwise expressly set forth herein or in the Supplemental DIP Loan Documents, the Existing DIP Credit Agreement and the Existing Interim DIP Financing Orders shall remain in full force and effect in accordance with their terms and rights and remedies of all parties in connection with the Existing Interim DIP Financing Orders, including, without limitation all security interests granted to the DIP Agent and the DIP Lenders therein with respect to the Collateral and all such rights and remedies arising from and in connection with an Event of Default, are reserved in all respects; provided, however that the

| | |
|---|---|
| Page: | 15 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

Senior Secured Notes that are satisfied by the Roll-Up Loans and the additional Roll-Up Loans shall be cancelled upon entry of this Final Order.

2.   <u>Execution and Delivery of Supplemental DIP Loan Documentation</u>. Upon execution and delivery thereof, the Supplemental DIP Loan Documentation shall constitute valid, binding and enforceable obligations of the Debtor in accordance with its terms and this Final Order. In furtherance of this Final Order, the Debtor is authorized to do and perform all acts, to make, execute and deliver all agreements, instruments and documents (including, without limitation, the execution of promissory notes, security agreements, pledge agreements, mortgages, deeds of trust, deeds to secure debt, financing statements and intellectual property filings), to the extent required by the Supplemental DIP Loan Documentation, and to pay all filing and recording fees and privilege taxes, in each case as may be necessary or, in the opinion of the DIP Lenders, desirable to give effect to any of the terms and conditions of the Supplemental DIP Loan Documentation, to perfect the DIP Liens (as defined below) and to assure priority thereto or as otherwise required or contemplated by the Supplemental DIP Loan Documentation, and to deliver to any DIP Lender any Senior Secured Notes held by the Debtor for the benefit of such DIP Lender. To the extent necessary, each officer of the Debtor and such other individuals as may be so authorized by the Debtor, are hereby authorized to execute and deliver each document comprising the Supplemental DIP Loan Documentation, such execution and delivery to be conclusive of their respective authority to act in the names, and on behalf, of the Debtor.

3.   <u>DIP Liens</u>.  To secure the obligations under the Supplemental DIP Loan Documentation, the DIP Agent, the DIP Lenders, and Tenor Capital are hereby granted: (i) pursuant to section 364(c)(1) a super-priority administrative expense claim having priority over

Page:              16
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                   Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                   364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                   363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                   to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                   11 U.S.C. § 362(d)

any and all administrative expenses, whether heretofore or hereafter incurred, of the kind

specified in sections 503(b) or 507(b) of the Bankruptcy Code (but subject to the Carve-Out);

pursuant to sections 364(c)(2), a perfected first-priority lien on all Collateral, to the extent that

such Collateral is not subject to valid, perfected and non-avoidable liens as of the Petition Date;

(ii) pursuant to section 364(c)(3) of the Bankruptcy Code, a perfected lien on all the Collateral, to

the extent that such Collateral is subject to valid, perfected and non-avoidable liens in favor of

third parties in existence at the time of the commencement of the Case or to valid liens in

existence at the time of such commencement that are perfected subsequent to such

commencement as permitted by section 546(b) of the Bankruptcy Code (other than property that

is subject to the existing liens that secure the obligations under the Senior Secured Notes

Indenture, and, if applicable, the Old Indenture, which liens shall be primed by the Priming DIP

Liens as described below, and except as provided in subparagraph (w) of the definition of

"Carve-Out"), subject to the Second Priority DIP Liens; and, (iii) pursuant to section 364(d) of

the Bankruptcy Code, the Priming DIP Liens in and on all the Collateral (clauses (i)-(iii) above,

collectively the "DIP Liens"), subject in each case only to permitted exceptions to be agreed

upon in writing by the DIP Agent and the DIP Lenders in their sole discretion, which permitted

exceptions shall specifically include the Carve-Out. Notwithstanding the foregoing provisions of

this paragraph, or anything to the contrary in the Term Sheet, the Supplemental Term Sheet or

the Supplemental DIP Loan Documentation, the DIP Liens shall not attach to any of the

following property: (1) any claims pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or

553 of the Bankruptcy Code (the "Avoidance Claims"), or (2) any monies recovered in

connection with the successful prosecution or settlement of Avoidance Claims (the "Avoidance

Proceeds") or (3) the Carve-Out; and provided, further, that notwithstanding anything to the

Page:            17
In Re:           EPV Solar, Inc.
Case No.:        10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                   Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                   364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                   363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                   to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                   11 U.S.C. § 362(d)

---

contrary in this Final Order, the Supplemental DIP Loan Documentation or otherwise, the

Additional New Money Loans shall be secured by a perfected first lien priority, priming and

senior security interest and lien in all of the Collateral granted to the DIP Agent, for the benefit

of Tenor Capital pursuant to this Final Order, which shall be senior to all other DIP Loans. Upon

entry of this Final Order, the Additional New Money Loans shall accrue interest at the rate set

forth for all other DIP Loans in the Existing DIP Credit Agreement. In addition, (i) if at any time

after the entry of this Final Order the Debtor is informed by Akart (in writing or orally) that

Akart will not proceed with the consummation of the Akart Sale Transaction, or (ii) if the final

form of sale order or final sale documentation (including the guaranty from Yapi ve Kredi

Bankasi A.S.) relating to the Akart Sale Transaction is not reasonably acceptable to the Required

DIP Lenders, then the Additional New Money Loans shall become immediately due and payable

and the proceeds of the Additional New Money Loans, when received by the Debtor or any of

the Debtor's affiliates, shall be immediately paid and turned over to Tenor Capital. In addition,

as set forth in Paragraph H, to the extent that the Old Notes Trustee or any holders of the Old

Notes assert any rights, security interests, liens or encumbrances relating to the Collateral, such

rights, security interests, liens or encumbrances are primed, subordinated and/or released to the

same extent as the rights, security interests, liens and encumbrances of the Senior Secured Notes

Trustee and the Senior Secured Noteholders relating to the Senior Secured Notes Indenture are

primed, subordinated and/or released under this Final Order.

    4.    <u>Super-priority Claim; Surcharge.</u>

    (a)  Subject to ~~Except for~~ the Carve-Out, all DIP Loans (including the Additional New

Money Loans and the Additional Roll-Up Loans) shall have administrative priority in

accordance with, and shall constitute an allowed super-priority claim pursuant to, section

Page:            18
In Re:           EPV Solar, Inc.
Case No.:        10-15173 (MBK)
Caption of Order: Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
11 U.S.C. § 362(d)

*[handwritten: shall have priority over the repayment of any and all amounts due to the DIP Lenders (except with respect to the Additional New Loans if the Asset Sale Transaction fails to close),]*

364(c)(1) of the Bankruptcy Code, over all other administrative expenses (other than Avoidance
Actions and Avoidance Proceeds) in the Chapter 11 Case of the kind specified in, or ordered
pursuant to, sections 105, 326, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d),
726, 1113 or 1114 of the Bankruptcy Code.

(b)       Except for those costs or expenses which constitute the Carve-Out, no
costs or administrative expenses that have been or may be incurred in the Chapter 11 Case,
including, without limitation, professional fees allowed and payable under sections 328, 330 and
331 of the Bankruptcy Code that have been or may be incurred in this proceeding related hereto
and no priority claims are or will be prior to or on parity with the super-priority claim of the DIP
Lenders. *[handwritten: Other than the Carve-Out,]* In no event shall any costs or expenses of administration be imposed upon the DIP
Agent or DIP Lenders or the DIP Agent's or DIP Lenders' collateral pursuant to section 506(c) of
the Bankruptcy Code or otherwise without the prior written consent of the DIP Agent and the
DIP Lenders, and no such consent shall be implied from any action, inaction, or acquiescence by
the DIP Agent or the DIP Lenders.

5.       Automatic Perfection of Liens.   The DIP Loans, including without
limitation, the Additional New Money Loans and Additional Roll-Up Loans shall be deemed
valid, binding, enforceable and perfected upon entry of this Final Order.  The DIP Agent, the
DIP Lenders, and Tenor Capital may, but shall not be required to, file any UCC-1 financing
statements, mortgages, deeds of trust, security deeds, notices of lien or any similar document or
take any other action (including possession of any of the Collateral) in order to validate the
perfection of any of the DIP Liens.  If the DIP Agent, DIP Lenders, or Tenor Capital, in their
reasonable discretion, choose to file any such mortgages, deeds of trust, security deeds or UCC-1
financing statements, or take any other action to validate the perfection of any part of the DIP

| | |
|---|---|
| Page: | 19 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

Liens, the Debtor and its officers are authorized to execute and deliver any documents or instruments as the DIP Agent, DIP Lenders, or Tenor Capital shall reasonably request, and all such documents and instruments shall be deemed to have been filed or recorded at the time and on the date of entry of this Final Order. The DIP Agent, the DIP Lenders, or Tenor Capital may, in their discretion, file a copy of this Final Order in any filing office in each jurisdiction in which the Debtor is organized or has or maintains any Collateral or an office, and each filing office is directed to accept such certified copy of this Final Order for filing and recording.

6.    Repayment; Other Terms. The DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) shall mature on the Maturity Date. Notwithstanding the foregoing, the DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) shall be due and payable in full, to the extent not previously paid, without offset or counterclaim. The Debtor shall repay the DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) as and when provided, and otherwise in accordance with, the Supplemental DIP Loan Documentation. In no event shall the Debtor or any Obligor be authorized to offset or recoup any amounts owed, or alleged to be owed to the DIP Lenders, unless and to the extent expressly otherwise agreed to in writing by the DIP Lenders. *Except with respect to the Senior Notes Trustee Lien (except with respect to the Additional New*

7.    Use of Proceeds of DIP Loans (including the Additional New Money *Money* Loans and the Additional Roll-Up Loans). *Loans if*

(a)    The DIP Loans (other than the Additional New Money Loans and the *the Akart Sale* Additional Roll-Up Loans) have and will be used for (i) the refinancing in full of all of the *Transaction* Obligors' obligations, whether for borrowed money, fees, expenses, or otherwise, under or with *fails* respect to the Prepetition Senior Facility as finally allowed by the Court, under which *to close),*

| | |
|---|---|
| Page: | 20 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

refinancing all rights and benefits of the Prepetition Senior Agent and Prepetition Senior Lenders are transferred to the DIP Lenders, including, without limitation, the right to turnover from the Senior Secured Notes Trustee, pursuant to the terms of the Subordination Agreement upon the occurrence of an Event of Default; (ii)(A) working capital and general corporate purposes of the Obligors (specifically excluding expenses of any other subsidiaries of the Borrowers that are not Obligors), and (B) bankruptcy-related costs and expenses (subject to the Carve-Out limitations), in each case in accordance with the Approved Budget; and (iii) from and after entry of this Final Order, the discharge of a portion of the indebtedness represented by the Senior Secured Notes beneficially held by each DIP Lender as of the Petition Date to the extent set forth in the Existing DIP Credit Agreement and the Supplemental DIP Credit Agreement.

(b)     The Additional New Money Loans and the Additional Roll-Up Loans will be used (i) by the Debtor and/or Affiliates of the Debtor to make a loan to Akart as the equity capital required for the construction of an a-Si module manufacturing facility to be located in Erzurum, Republic of Turkey in accordance with the Approved Budget; and (ii) from and after entry of this Final Order, for the discharge of a portion of the indebtedness represented by the Senior Secured Notes beneficially held by Tenor Capital to the extent set forth in the Supplemental DIP Loan Documentation.

(c)     The Debtor is authorized to take any and all actions reasonably necessary in connection with the formation of Sunco Ventures, LLC ("Sunco"), a wholly-owned subsidiary, in anticipation of making the loan described below to Akart Enerji Yatirimlari A.S. (the "Seller Financing").

(d)     As soon as is reasonably practicable following the entry of the Final Order, and in accordance with the Supplemental DIP Loan Documentation, Tenor Capital shall

| | |
|---|---|
| Page: | 21 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

deposit the Additional New Money Loans in a segregated deposit account of Sunco (the "Sunco Deposit"), subject to a perfected first lien priority, priming, and senior security interest and lien granted to the DIP Agent, for the benefit of Tenor Capital.

(e)     Pursuant to that certain Credit Agreement between Sunco and Akart Enerji Yatirimlari A.S., Sunco will loan the proceeds of the Additional New Money Loans to Akart. The decision to make the loan to Akart will be made by the Debtor in consultation with the DIP Lenders. The obligations of Akart to Sunco under the Credit Agreement will be guaranteed (the "Yapi Bank Guaranty") by Yapi ve Kredi Bankasi A.Ş. ("Yapi Bank"), a Turkish banking institution, duly organized and existing under the laws of the Republic of Turkey, in connection with the closing of the Akart Sale Transaction. In addition, prior to the closing of the Akart Sale Transaction, the funds provided by Sunco to Akart under the Credit Agreement will be maintained in a deposit account at Yapi Bank (the "Controlled Account") that will be subject to a blocked account agreement (the "Blocked Account Agreement"), which Blocked Account Agreement must be in form and substance satisfactory to Tenor Capital, which will provide that (i) no amount can be withdrawn from the Controlled Account without the express written consent of Sunco and (ii) Sunco can demand the immediate return of all funds in such Controlled Account upon the occurrence of certain events (a "Refund Notice"). Upon the receipt of a written instruction from either the Debtor or Tenor Capital, Sunco will send a Refund Notice or a Default Notice (as defined in the Blocked Account Agreement) to Yapi Bank. Section 345(b) of the Bankruptcy Code does not apply with respect to any of the transactions described herein and to the extent it is determined to be applicable, it is deemed waived and the Debtor is authorized to take all necessary actions to effectuate the transactions described in this paragraph 7(d).

Page:              22
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                   Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                   364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                   363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                   to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                   11 U.S.C. § 362(d)

(f)     Notwithstanding anything to the contrary in this Final Order, the Supplemental DIP Loan Documentation or otherwise, if the Akart Sale Transaction does not close for any reason, (i) to the extent that the funds in the Sunco Deposit were not loaned to Akart, then all funds in the Sunco Deposit will be immediately transferred and paid directly to the DIP Agent for the benefit of Tenor Capital, in satisfaction of some or all of the Additional New Money Loans, and (ii) to the extent that the funds in the Sunco Deposit were loaned to Akart, Sunco shall recover the loan amounts from Akart and/or Yapi Bank and upon receipt by Sunco, such amounts will be immediately transferred and paid directly to the DIP Agent, for the benefit of Tenor Capital, in satisfaction of some or all of the Additional New Money Loans.

(g)     The Senior Secured Notes Indenture shall be deemed amended to provide that the liens of the Senior Secured Notes Trustee (held for the benefit of the Senior Secured Noteholders) are subordinated to the liens of the DIP Agent to the extent of all obligations under the Supplemental DIP Loan Documentation, except that the lien held by the Senior Secured Notes Trustee to secure the Debtor's payment of the Senior Secured Notes Trustee's reasonable fees, disbursements and expenses, including the reasonable fees and expenses of the Senior Secured Notes Trustee's counsel (subject to the review period provided in paragraph 8 hereof), shall have priority over any and all liens granted to the DIP Agent and the DIP Lenders hereunder.

(h)     None of the proceeds of the DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) shall be used in connection with the investigation (including discovery proceedings), initiation or prosecution of any claims, causes of action, adversary proceedings or other litigation against (i) the DIP Agent, the DIP Lenders (in any capacity), or Tenor Capital, including in connection with the validity of the liens granted to

| | |
|---|---|
| Page: | 23 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

the DIP Lenders or (ii) the members of the Ad Hoc Group; <u>provided</u>, that the foregoing shall be without prejudice to any other rights of the Debtor.

        8.    <u>Senior Secured Noteholders' Adequate Protection</u>.  Without duplication of the liens granted pursuant to the Existing Interim DIP Financing Orders, the Senior Secured Noteholders under the Senior Secured Notes Indenture shall receive, for adequate protection for all lien subordination under this Final Order, the Existing DIP Credit Agreement, the Term Sheet, the Supplemental Term Sheet and the Supplemental DIP Loan Documentation (a) replacement liens against all of the Debtor's post-petition assets, subordinate to the liens granted hereunder, (b) current interest at the non-default rate on the Senior Secured Notes (which interest shall be paid in kind pursuant to the terms of the Senior Secured Notes); (c) a silent second lien on all property of the Obligors (excluding Avoidance Actions and Avoidance Proceeds), junior to all claims and liens of the DIP Agent and the DIP Lenders; and (d) reimbursement of costs and expenses incurred by the Senior Secured Notes Trustee in connection with the preservation, perfection, protection and enforcement of the Senior Secured Noteholders' rights hereunder or under the Supplemental DIP Loan Documentation, including, without limitation, reasonable attorneys' fees and expenses incurred by the Senior Secured Notes Trustee in connection with any of the foregoing, (collectively, "<u>Senior Secured Notes Trustee Costs</u>"), <u>provided</u>, <u>however</u>, that the payment of such Senior Secured Notes Trustee Costs shall be subject to a ten (10) day review period by the Debtor, DIP Agent, DIP Lenders and Committee, which shall commence on the date on which the Senior Secured Notes Trustee serves an invoice for such costs and expenses on counsel to the (i) Committee; (ii) Debtor; (iii) DIP Agent; and (iv) DIP Lenders (if no objection is filed on or before the tenth (10th) day after service of a request for payment of Senior Secured Notes Trustee Costs, such request for payment shall be allowed and may be paid;

| | |
|---|---|
| Page: | 24 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

if an objection is filed and the parties cannot resolve the disputed request for payment, the parties shall request a hearing before the Court). Further, the Debtor shall pay the reasonable costs and expenses of the Ad Hoc Group and their advisors (limited to one New York law firm, one New Jersey law firm, and one financial advisory firm) in connection with the Chapter 11 Case; provided, however, that the Ad Hoc Group shall retain and employ the same advisors as the DIP Agent and the DIP Lenders.

9.    Reimbursement of Expenses.  Upon the entry of this Final Order, the fees of the DIP Agent, all costs and expenses incurred by the DIP Agent, the DIP Lenders, and Tenor Capital in connection with the negotiation and drafting of the Supplemental DIP Loan Documentation, or any amendments thereto, the preservation, perfection, protection and enforcement of the DIP Lenders' or Tenor Capital's rights hereunder or under the Supplemental DIP Loan Documentation (including with respect to the impact of the Akart Sale Transaction on such rights), or in the collection of the DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans), including, without limitation, all filing and recording fees or taxes and reasonable fees and expenses of attorneys, accountants, appraisers and other professionals incurred by the DIP Lenders and Tenor Capital in connection with any of the foregoing (collectively, "DIP Facility Costs") shall form a part of the DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) and shall be paid by the Debtor (without the necessity of filing any application with or obtaining further order from the Court) in accordance with the terms of the Supplemental DIP Loan Documentation, provided, however, that the payment of any fees and expenses of professionals retained by the DIP Agent, the DIP Lenders, or Tenor Capital shall be subject to a ten (10) day challenge period by the Committee, which shall commence on the date on which the DIP Agent, the DIP Lenders, or

Page:             25
In Re:            EPV Solar, Inc.
Case No.:         10-15173 (MBK)
Caption of Order: Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d)

---

Tenor Capital serve an invoice for such costs and expenses on counsel to the Committee and the Debtor (if no objection is filed on or before the tenth (10th) day after service of a request for payment of such fees and expenses, such request for payment shall be allowed and may be paid; if the Committee files an objection and the parties cannot resolve the disputed request for payment, the parties shall request a hearing before the Court). To the extent DIP Facility Costs are not paid by the Debtor, the DIP Lenders and Tenor Capital are hereby authorized to advance such sums as part of the DIP Loans.

10.    Fees. (a) The Origination Fee with respect to the NM Loans was fully-earned upon entry of the Initial Interim DIP Financing Order. The Origination Fee with respect to the Additional New Money Loans and the Additional Roll-Up Loans shall be fully-earned upon entry of this Final Order and payable in accordance with the Supplemental DIP Loan Documentation.

(b)    The Exit Fee with respect to the NM Loans was fully-earned upon entry of the Initial Interim DIP Financing Order. The Exit Fee with respect to the Additional New Money Loans and the Additional Roll-Up Loans shall be fully-earned upon entry of this Final Order and payable in accordance with the Supplemental DIP Loan Documentation.

11.    Further Amendments to Supplemental DIP Loan Documentation. The Debtor and the DIP Lenders are hereby authorized to implement, in accordance with the terms of the Supplemental DIP Loan Documentation, any amendments or supplements to and modifications of any of the Supplemental DIP Loan Documentation without further order of the Court, provided that any such amendments, supplements and modifications are not inconsistent with this Final Order.

Page:             26
In Re:            EPV Solar, Inc.
Case No.:         10-15173 (MBK)
Caption of Order: Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                  Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                  364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                  363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                  to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                  11 U.S.C. § 362(d)

12.   Events of Default. The occurrence of any of the following shall constitute an event of default under this Final Order, the Existing DIP Credit Agreement, the Term Sheet, the Supplemental Term Sheet and the Supplemental DIP Loan Documentation (each, an "Event of Default"):

(a)   Nonpayment of principal when due;

(b)   Nonpayment of interest, fees or other amounts;

(c)   Material inaccuracy of representations and warranties;

(d)   Violation of any covenant set forth in the Supplemental DIP Loan Documentation;

(e)   Cross default of any of the Obligors' respective obligations under the Supplemental DIP Loan Documentation;

(f)   Certain ERISA events as set forth in the Supplemental DIP Loan Documentation;

(g)   Material judgments against any Borrower, as set forth in the Supplemental DIP Loan Documentation;

(h)   Actual or asserted invalidity of any guarantee or security document, subordination provisions or security interest;

(i)   Any change of control as set forth in the Supplemental DIP Loan Documentation;

(j)   The Debtor files a plan of reorganization that does not provide for payment in full in cash of the DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) and all other amounts

| | |
|---|---|
| Page: | 27 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

owing to the DIP Lenders and the DIP Agent on the effective date of such plan;

(k) A trustee, receiver, examiner, or responsible officer with enlarged powers relating to the operation of the business of any Obligor shall be appointed in the Chapter 11 Case;

(l) Any other lien shall be granted with respect to any of the Collateral (other than the Carve-Out) without the prior consent of the Required DIP Lenders;

(m) The occurrence of any insolvency, bankruptcy or similar proceeding with respect to any subsidiary of the Debtor that is not a debtor in the Chapter 11 Case;

(n) Other than payments authorized by the Bankruptcy Court in respect of (i) accrued payroll and related expenses as of the commencement of the Chapter 11 Case and (ii) certain creditors, in each case to the extent authorized by one or more "first day" or other orders satisfactory to the DIP Lenders, or as otherwise permitted under the Supplemental DIP Loan Documentation, the Obligors shall make any payment (whether by way of adequate protection or otherwise) of principal or interest or otherwise on account of any prepetition indebtedness or payables;

(o) The Bankruptcy Court shall enter an order granting relief from the automatic stay to any creditor or party in interest (i) to permit foreclosure (or the granting of a deed in lieu of foreclosure or the like) on any assets of any Obligor, or (ii) to permit other actions that the DIP Lenders may, in

Page:            28
In Re:           EPV Solar, Inc.
Case No.:        10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
11 U.S.C. § 362(d)

---

their sole discretion, deem to have a material adverse effect on the Debtor or its estate;

(p)  Any material provision of the Supplemental DIP Loan Documentation shall cease to be valid or binding on any Obligor, or any Obligor shall so assert in any pleading filed in any court;

(q)  Any order shall be entered reversing, amending, supplementing, staying for a period in excess of five (5) business days, vacating or otherwise modifying in any material respect this Final Order without the prior written consent of the Required DIP Lenders;

(r)  A "Change of Executive Management" (as defined in the Supplemental DIP Loan Documentation) shall occur, unless such default is cured to the satisfaction of the Required DIP Lenders within five (5) business days;

(s)  The exclusive period for the Debtor to file a plan of reorganization under section 1121(b) of the Bankruptcy Code expires or is terminated;

(t)  Failure of the Supplemental DIP Loan Documentation to be executed on or before May 12, 2010;

(u)  Any judgments which are in the aggregate in excess of $25,000 as to any post-petition obligation shall be rendered against the Debtor or other Obligors and the enforcement thereof shall not be stayed (by operation of law, the rules or orders of a court with jurisdiction over the matter or by consent of the party litigants); or there shall be rendered against the Debtor or other Obligors a nonmonetary judgment with respect to a post-petition event which causes or would reasonably be expected to cause a material

| | |
|---|---|
| Page: | 29 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

adverse change or a material adverse effect on the ability of the Debtor or other Obligors taken as a whole to perform their obligations under the Supplemental DIP Loan Documentation;

(v)     Any DIP Loan Document shall cease to be effective or shall be contested by a Borrower or any of its affiliates;

(w)     Any of the Borrowers or their respective affiliates shall fail to comply with the Interim DIP Financing Orders or this Final Order;

(x)     The filing of a motion, pleading or proceeding by the Debtor or its direct or indirect subsidiaries which could reasonably be expected to result in a material impairment of the rights or interests of the DIP Lenders or a determination by a court with respect to a motion, pleading or proceeding brought by another party which results in a material impairment;

(y)     An "Event of Default" (as defined in the Supplemental DIP Loan Documentation) shall occur;

provided, however, that the DIP Lenders, in their discretion, may waive any Event of Default prior to or after the occurrence of such Event of Default in accordance with the Supplemental DIP Loan Documentation.

13.     Remedies.   Upon and following the Maturity Date and/or an Event of Default, and, with respect to subparagraph (b), upon the expiration of three (3) business days' written notice:

(a)     The Debtor's right to use the proceeds of the DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) shall terminate, and the Debtor shall not seek use of Cash Collateral in which the DIP Agent or the DIP Lenders has an

Page:             30
In Re:            EPV Solar, Inc.
Case No.:         10-15173 (MBK)
Caption of Order: Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                  Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                  364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                  363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                  to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                  11 U.S.C. § 362(d)

interest without according to the DIP Agent and the DIP Lenders a minimum of three (3)

business days' written notice of a hearing regarding any requested use of Cash Collateral;

(b)     The DIP Agent and the DIP Lenders shall be fully authorized to demand

payment of all amounts due pursuant to the Supplemental DIP Loan Documentation (including,

without limitation, the right of the DIP Agent and Tenor Capital to demand that all funds held, or

to be obtained, by the Debtor and/or Sunco in respect of the recovery of the Additional New

Money Loans be immediately paid to the DIP Agent for the benefit of Tenor Capital to satisfy

outstanding amounts due under the Additional New Money Loans), to set off any balances in any

accounts of the Debtor and the DIP Lenders may enforce all liens with respect to the Collateral

and to take all other action and exercise all other remedies under the Supplemental DIP Loan

Documentation, Senior Secured Notes Indenture and applicable law that may be necessary or

deemed appropriate by the DIP Lenders to collect any of the DIP Loans (including the

Additional New Money Loans and the Additional Roll-Up Loans), to proceed against or realize

upon all or any portion of the Collateral as if this Chapter 11 Case or any superseding chapter 7

case were not pending and otherwise to enforce the Supplemental DIP Loan Documentation, the

Senior Secured Notes Indenture and this Final Order, subject to the prior right of the Senior

Secured Notes Trustee to receive payment of the Senior Secured Notes Trustee Costs (subject to

the review period provided in paragraph 8 hereof).

(c)     If any hearing is requested by an interested party and held regarding the

exercise of any rights or remedies by the DIP Agent and the DIP Lenders, the only issue at such

hearing that may be raised by any party in opposition to the exercise of any such rights or

remedies shall be whether, in fact, an Event of Default has occurred and is continuing.

Page:               31
In Re:              EPV Solar, Inc.
Case No.:           10-15173 (MBK)
Caption of Order:   Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                    Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                    364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                    363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                    to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                    11 U.S.C. § 362(d)

(d)    The rights, remedies, powers and privileges conferred upon the DIP Agent

and the DIP Lenders pursuant to this Final Order shall be in addition to and cumulative with

those contained in the Existing Interim DIP Financing Orders and the Supplemental DIP Loan

Documentation. In the event of any discrepancy between this Final Order and the Supplemental

DIP Loan Documentation, this Final Order shall govern.

14.    Modification of Automatic Stay. The automatic stay provisions of section

362 of the Bankruptcy Code are hereby lifted and terminated as necessary to permit: (i) the

Debtor to grant the DIP Liens provided for herein; (ii) the Debtor to perform all of its obligations

to the DIP Agent and the DIP Lenders imposed by the terms and conditions of this Final Order

and the Supplemental DIP Loan Documentation; and (iii) the DIP Agent and the DIP Lenders, to

the extent necessary to implement the provisions of this Final Order and the Supplemental DIP

Loan Documentation, including to permit the DIP Agent and the DIP Lenders, to the extent

authorized herein, *inter alia*: (x) to receive collections of Collateral for application to the DIP

Loans (including the Additional New Money Loans and the Additional Roll-Up Loans); (y) to

file or record any UCC-1 financing statements mortgages, and other instruments and documents

evidencing or validating the perfection of the DIP Liens; and (z) to enforce the DIP Liens and the

obligations due under the Supplemental DIP Loan Documentation upon default subject to the

prior notice provisions of this Final Order.

15.    Effect of Appeal. Consistent with section 364(e) of the Bankruptcy Code,

if any or all of the provisions of this Final Order are hereafter modified, vacated or stayed on

appeal:

(a)    such stay, modification or vacation shall not affect the validity of any

obligation, indebtedness, liability, DIP Lien granted or incurred by Debtor to the DIP Agent and

| | |
|---|---|
| Page: | 32 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

the DIP Lenders prior to the effective date of such stay, modification or vacation, or the validity, enforceability or priority of any DIP Lien, ~~Adequate Protection Lien,~~ priority or right authorized or created under the original provisions of this Final Order or pursuant to the Supplemental DIP Loan Documentation; and *any lien granted for adequate protection,*

(b)     any indebtedness, obligation or liability incurred by the Debtor to the DIP Agent and the DIP Lenders under the Supplemental DIP Loan Documentation prior to the effective date of such stay, modification or vacation shall be governed in all respects by the original provisions of this Final Order, and the DIP Lenders shall be entitled to all the rights, remedies, privileges and benefits, including the DIP Liens, Adequate Protection Liens and priorities granted herein and pursuant to the Supplemental DIP Loan Documentation, with respect to any such indebtedness, obligation or liability. All DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) made under the Supplemental DIP Loan Documentation are made in reliance upon this Final Order, and, therefore, the indebtedness resulting from such DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) prior to the effective date of any stay, modification or vacation of this Final Order (including the Additional New Money Loans and the Additional Roll-Up Loans) cannot (i) be subordinated or (ii) lose the priority of, be deprived of the benefit of the status of, the DIP Liens or super-priority administrative claim status, as a result of any subsequent order in the Chapter 11 Case, or any superseding case, of the Debtor.

16.     Good Faith. The DIP Loans (including the Additional New Money Loans and the Additional Roll-Up Loans), the Existing DIP Credit Agreement, the Term Sheet, the Supplemental Term Sheet and the Supplemental DIP Loan Documentation have been negotiated in good faith and at arm's length between the Debtor (including its directors, officers and

Page:               33
In Re:              EPV Solar, Inc.
Case No.:           10-15173 (MBK)
Caption of Order:   Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                    Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                    364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                    363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                    to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                    11 U.S.C. § 362(d)

subsidiaries) the DIP Agent and the DIP Lenders (including Tenor Capital) and the DIP Agent

and the DIP Lenders (including Tenor Capital) have acted in good faith in agreeing to provide

the post-petition financing contemplated by this Final Order, the Existing DIP Credit Agreement,

the Term Sheet, the Supplemental Term Sheet and the Supplemental DIP Loan Documentation

and have relied on this Final Order in extending such financing. Therefore, the extensions of

credit to the Debtor under this Final Order shall be deemed to have been made by the DIP

Lenders (including Tenor Capital) in good faith within the meaning of section 364(e) of the

Bankruptcy Code.

17.    <u>No Deemed Control</u>.  By consenting to this Final Order, making DIP

Loans (including the Additional New Money Loans and the Additional Roll-Up Loans) or

administering the financing relationship with the Debtor pursuant to the Supplemental DIP Loan

Documentation, neither the DIP Agent nor the DIP Lenders (including Tenor Capital) shall be

deemed to be in control of the Debtor or its operations or to be acting as a "responsible person,"

"managing agent," or "owner or operator" (as such terms are defined in the United States

Comprehensive Environmental Response, Compensation and Liability Act, as amended, or any

similar state or federal statute) with respect to the operation or management of the Debtor.

18.    <u>Claim and Lien Challenges</u>.  Notwithstanding any provisions herein or in

the Existing DIP Credit Agreement, the Term Sheet, Supplemental Term Sheet and/or

Supplemental DIP Loan Documentation to the contrary, any limitation on challenges to the

nature, extent and validity of the claims, security interests and/or liens of the Senior Secured

Noteholders shall be subject to the right of the Committee to seek to subordinate or disallow the

Senior Secured Noteholders' claims, avoid any liens, security or collateral interest in the Debtor's

assets or to assert any other claims, rights or defenses waived by the Debtor.  The Committee

Page:            34
In Re:           EPV Solar, Inc.
Case No.:        10-15173 (MBK)
Caption of Order: Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                 Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                 to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                 11 U.S.C. § 362(d)

shall have ninety (90) days from the entry of a court order authorizing the Committee's retention

of counsel (the "Challenge Period Termination Date") within which to file an objection or

commence a contested matter or adversary proceeding (as may be appropriate) on behalf of the

Debtor or its estate with respect to the Senior Secured Noteholders' claims, liens or security

interests, or any other claims or causes of actions as to the Senior Secured Noteholders. The

Committee has concluded its investigation with respect to the nature, extent and validity of the

claims, security interests and/or liens of the Prepetition Senior Lenders under the Prepetition

Senior Facility and has determined not to file an objection or commence a contested matter or

adversary proceeding on behalf of the Debtor or its estate with respect to the same. Accordingly,

the Debtor's stipulation to the nature, extent and validity of the claims, security interests and liens

of the Prepetition Senior Lenders in paragraph (L) above is final and binding on all parties

(including the Committee, any creditor, or any subsequently appointed trustee) and the Debtor

and its estate waive and release any and all claims or causes of action against the Prepetition

Senior Lenders or the Prepetition Senior Agent relating in any way to the Prepetition Senior

Facility, which release shall also be final and binding on all parties (including the Committee,

any creditor, or any subsequently appointed trustee). In addition, with respect to the escrow

being maintained in accordance with the payoff letter agreement entered into by the Debtor and

the Prepetition Senior Agent, upon entry of this Final Order, all amounts in the escrow shall be

paid in accordance with payment instructions to be provided by the Prepetition Senior Agent in

full and final satisfaction of any and all remaining claims of the Prepetition Senior Agent and

Prepetition Senior Lenders under, or relating in any way to, the Prepetition Senior Facility,

including, without limitation, with respect to fees and expenses due thereunder. In that regard,

the Prepetition Senior Agent and the Prepetition Senior Lenders waive and release any and all

Page:             35
In Re:            EPV Solar, Inc.
Case No.:         10-15173 (MBK)
Caption of Order: Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                  Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                  364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                  363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                  to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                  11 U.S.C. § 362(d)

claims against the Debtor, as well as any security interests in, and/or liens relating to, property of

the Debtor.   Aggregate allowable fees and costs incurred by the Committee including its

representatives and/or advisors in connection with any objection, contested matter or complaint

contemplated in this paragraph 18, shall be limited to no more than $25,000; provided, however,

that no portion of the DIP Loans (including the Additional New Money Loans and the Additional

Roll-Up Loans) shall be used in connection with any objection, contested matter or adversary

proceeding involving the DIP Agent or DIP Lenders in any capacity (other than an objection to

the entry of a Final Order), including without limitation, any claims or liens of the DIP Lenders

on account of the Senior Secured Notes. In the event that no such objection, contested matter or

complaint is filed prior to the Challenge Period Termination Date, (a) the Debtor's stipulation to

the nature, extent and validity of the claims, security interests and liens of the Senior Secured

Noteholders in paragraph (L) above shall become final and binding on all parties (including the

Committee, any creditor, or any subsequently appointed trustee); (b) the claims, security interests

and liens of the Senior Secured Noteholders and the DIP Agent's and the DIP Lenders' liens in

the Collateral shall be conclusive and binding upon all parties in interest in this case and in any

superseding chapter 7 case, including any subsequently appointed trustee, as a legal, valid,

binding, enforceable and fully-secured claim, subject to section 506(a) of the Bankruptcy Code,

that is not subject to offset, counterclaim, equitable subordination or other defense or claim for

conduct or acts prior to the date of this Final Order. The Committee is hereby granted standing

and the authority to file an objection or complaint on behalf of the estate raising any and all

claims and defenses contemplated by this paragraph 18 without bringing a motion seeking

authority to bring such action and without further order of this Court, provided, however, that the

Committee shall provide the Debtor with ten (10) days' written notice of its intent to file an

| | |
|---|---|
| Page: | 36 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

objection or complaint on behalf of the estate specifying the parties to any proposed action, the nature of the proposed action and the relief sought therein, and the Committee shall not file any complaint or objection upon receipt of notice from the Debtor that the Debtor is pursuing or intends to pursue such claim, objection or cause of action.

       19.   <u>Notice</u>. Reports and notices required hereunder shall be delivered by hand or Federal Express or other overnight courier or by fax transmission to:

If to the DIP Lenders:

    Brown Rudnick LLP
    Seven Times Square
    New York, NY 10036
    Attn:   Robert Stark, Esq.
           John F. Storz, Esq.
    E-mail: rstark@brownrudnick.com
              jstorz@brownrudnick.com

If to Tenor Capital:

    Schulte Roth & Zabel LLP
    919 Third Avenue
    New York, New York 10022
    Attn:   Brian D. Pfeiffer, Esq.
    E-mail: brian.pfeiffer@srz.com

| | |
|---|---|
| Page: | 37 |
| In Re: | EPV Solar, Inc. |
| Case No.: | 10-15173 (MBK) |
| Caption of Order: | Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing, Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361, 364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d) |

---

If to the DIP Agent:

Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Attn: Walter Curchack
E-mail: wcurchack@loeb.com

If to the Ad Hoc Group:

Brown Rudnick LLP
Seven Times Square
New York, NY 10036
Attn:   Robert Stark, Esq.
        John F. Storz, Esq.
E-mail: rstark@brownrudnick.com
        jstorz@brownrudnick.com

If to the Senior Secured Notes Trustee:

The Bank of New York Mellon
101 Barclay Street, Floor 8W
New York, New York 10286
Attn:   Corporate Finance Group

With a copy to:

Riker Danzig Scherer Hyland & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Attn:   Dennis J. O'Grady, Esq.
        Joseph L. Schwartz, Esq.
E-mail: dogrady@riker.com
        jschwartz@riker.com

If to the Debtor:

EPV Solar, Inc.
8 Marlen Drive
Robbinsville, NJ 08691
Attn: Howard Brodie, Esq., Vice President and
      General Counsel
E-mail: h.brodie@epvsolar.com

With a copy to:

Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068
Attn:   S. Jason Teele, Esq.
        Kenneth A. Rosen, Esq.

Page:           38
In Re:          EPV Solar, Inc.
Case No.:       10-15173 (MBK)
Caption of Order:   Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                11 U.S.C. § 362(d)

                                          E-mail:  steele@lowenstein.com
                                                   krosen@lowenstein.com

If to the Committee:                      Cooley Godward Kronish LLP
                                          1114 Avenue of the Americas
                                          New York, New York  10036
                                          Attn:    Jay R. Indyke, Esq.
                                                   Michael A. Klein, Esq.
                                          E-mail: jindyke@cooley.com
                                                   mklein@cooley.com

20.     The Debtor shall give notice to the DIP Agent, the DIP Lenders, Tenor Capital, and the Senior Secured Notes Trustee of all future filings of any nature by the Debtor with the Court in this case, or with any other court or governmental agency and shall serve copies thereof upon the DIP Agent, the DIP Lenders, Tenor Capital and the Senior Secured Notes Trustee in accordance with the immediately preceding paragraph hereof.

21.     Binding Effect; Successors and Assigns.  The provisions of this Final Order shall be binding upon all parties in interest in this Chapter 11 Case, including, without limitation, the DIP Agent, the DIP Lenders (including Tenor Capital), the Debtor and their respective successors and assigns (including any chapter 11 trustee hereafter appointed or elected for the estate of the Debtor or any chapter 7 trustee appointed in a superseding chapter 7 case), and shall inure to the benefit of the DIP Lenders (including Tenor Capital), the Senior Secured Notes Trustee, the Debtor and their respective successors and assigns.  In no event shall Tenor Capital have any obligation to make Additional New Money Loans to any chapter 7 or chapter 11 trustee appointed or elected for the estate of the Debtor.

22.     Inconsistencies.  To the extent that any provisions in the Term Sheet, the Existing DIP Credit Agreement Supplemental Term Sheet or Supplemental DIP Loan

Page:              39
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Final DIP Financing Order (a) Authorizing the Debtor to Obtain Post-Petition Financing,
                   Grant Security Interests and Liens and Accord Priority Status Pursuant to 11 U.S.C. §§ 361,
                   364(c) and 364(d); (b) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §
                   363(c)(2)(B); (c) Granting Adequate Protection; (d) Giving Notice of Final Hearing Pursuant
                   to Bankruptcy Rule 4001(b)(2) and (c)(2) and (e) Modifying the Automatic Stay Pursuant to
                   11 U.S.C. § 362(d)

---

Documentation are inconsistent with any of the provisions of this Final Order, the provisions of this Final Order shall govern and control.

23.     <u>No Third Party Beneficiaries</u>.  Except as otherwise provided for herein, this Final Order does not create any rights for the benefit of any third party, creditor, or any direct, indirect or individual beneficiary.

24.     <u>Service of Final Order</u>.  The Debtor shall serve a copy of this Final Order on the Office of the United States Trustee, counsel for the DIP Lenders, counsel for the DIP Agent, counsel for Tenor Capital, counsel for the Committee and all parties who filed a notice of appearance pursuant to Bankruptcy Rule 2002 by overnight mail within two (2) business days of the entry of this Final Order.

25.     The provisions of this Final Order are nonseverable and mutually dependent.

26.     Pursuant to Bankruptcy Rule 4001(b), this Final Order shall be effective immediately upon its entry by the Court.