Order Filed on
8/20/2010
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
S. Jason Teele, Esq. (SJT 7390)
Timothy R. Wheeler, Esq. (TW 3466)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Counsel to the Debtor and Debtor in Possession*

In re:

EPV SOLAR, INC.,

　　　　　　Debtor.

Chapter 11

Case No. 10-15173 (MBK)

**ORDER UNDER 11 U.S.C. §§ 105(a), 363, AND 365 (I) AUTHORIZING AND APPROVING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENT, (III) PROVIDING A WAIVER OF THE STAY UNDER BANKRUPTCY RULES 6004(h) AND 6006(d) AND <u>(IV) GRANTING RELATED RELIEF</u>**

　　　　　The relief set forth on the following pages, numbered two (2) through fifteen (15), is hereby **ORDERED.**

**DATED: 8/20/2010**

　　　　　　　　　　　Honorable Michael B. Kaplan
　　　　　　　　　　　United States Bankruptcy Judge

22892/2
08/20/2010 15043488.1

Page:           2
In Re:          EPV Solar, Inc.
Case No.:       10-15173 (MBK)
Caption of Order: Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

---

Upon the motion, dated August 9, 2010 (the "**Motion**"),[1] of the above-captioned debtor and debtor-in-possession (the "**Debtor**" or "**EPV**") for entry of an order pursuant to 11 U.S.C. §§ 105(a), 363, and 365 (i) authorizing and approving the sale of substantially all of the Debtor's assets free and clear of liens, claims, encumbrances, and interests, (ii) authorizing and approving the asset purchase agreement (the "**APA**"), (iii) providing a waiver of the stay under Bankruptcy Rules 6004(h) and 6006(d), and (iv) granting related relief; and the Court having reviewed the Motion; and upon the record of the sale hearing conducted on August 16, 2010 (the "**Second Sale Hearing**"); and upon the record in this chapter 11 case; and the Debtor, the Buyer, the DIP Lenders, and Wells Fargo Bank, N.A., solely in its capacity as DIP Agent and not in its individual capacity (the "**DIP Agent**") under the Amended and Restated Priming Superpriority Debtor-in-Possession Credit Agreement dated May 10, 2010 (the "**DIP Credit Agreement**"), having reviewed and agreed to the terms of this Order; and it appearing that the relief sought by the Debtor in the Motion is necessary and in the best interests of the Debtor, its creditors and bankruptcy estate and other parties in interest; and due deliberation having been had, and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[2]

A.  On February 24, 2010, (the "**Petition Date**"), the Debtor filed a voluntary petition for reorganization under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

B.  Since the Petition Date, the Debtor has continued in possession and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the APA, as appropriate.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* Fed. R. Bankr. P. 7052.

*Approved by Judge Michael Kaplan August 20, 2010*

Case 10-15173-MBK    Doc 461    Filed 08/20/10    Entered 08/20/10 14:38:46    Desc Main
                    Document      Page 3 of 15

Page:              3
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

management of its assets and properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

D. On March 10, 2010, the Office of the United States Trustee appointed the Committee in this case.

E. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

F. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014.

G. As evidenced by the certificates of service filed with the Court, and based on the representations of counsel for the Debtor at the Second Sale Hearing: (i) proper, timely, adequate and sufficient notice of the Motion and the Second Sale Hearing has been provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code, Fed. R. Bankr. P. 2002, 6004, 6006, 9007 and 9014 and the Court's August 10, 2010 Order scheduling the Second Sale Hearing; (ii) such notice was good and sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion, the Second Sale Hearing or the entry of this Order is required.

H. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

I. The Debtor is the sole and lawful owner of the assets to be sold pursuant to the APA (the "**Assets**").

J. No party appeared at the Second Sale Hearing to submit a competing offer

Page: 4
In Re: EPV Solar, Inc.
Case No.: 10-15173 (MBK)
Caption of Order: Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

---

for the Assets.

K.    The Buyer's offer to purchase the Assets is the highest and best offer received by the Debtor.

L.    The DIP Agent or any designee of the DIP Agent, is permitted and authorized to credit bid all of the DIP Obligations (as defined in the DIP Credit Agreement) on behalf of all of the DIP Lenders or their designee pursuant to the APA and the DIP Agent and its designee shall be fully protected in all resects in providing such credit bid or otherwise participating in the sale.

M.    The DIP Agent's or its designee's credit bid, on behalf of all of the DIP Lenders or their designee and pursuant to the APA, is valid pursuant to sections 363(b) and 363(k) of the Bankruptcy Code.

N.    The credit bid of the DIP Agent or any designee of the DIP Agent is solely as DIP Agent under the DIP Credit Agreement on behalf of the DIP Lenders or their designee (and not in the DIP Agent's individual capacity).

O.    The purchase price to be paid by the Buyer is fair and constitutes reasonably equivalent value and reasonable market value for the Assets.

P.    The Buyer is a good faith purchaser with respect to the Assets, as that term is used in section 363(m) of the Bankruptcy Code. The APA was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion, and the Buyer, the DIP Lenders, and the DIP Agent therefore are entitled to the protections of section 363(m) of the Bankruptcy Code. The Debtor, the Buyer, the DIP Lenders, and the DIP Agent have not engaged in any conduct that would cause or permit the APA to be voided under section 363(n) of the Bankruptcy Code.

Q.    Except as specifically provided in the APA or this Order, the Buyer shall

*Approved by Judge Michael Kaplan August 20, 2010*

Case 10-15173-MBK    Doc 461    Filed 08/20/10    Entered 08/20/10 14:38:46    Desc Main
Document    Page 5 of 15

Page:            5
In Re:           EPV Solar, Inc.
Case No.:        10-15173 (MBK)
Caption of Order: Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

not assume or become liable for any pre-closing date liens, claims, interests or encumbrances relating to the Assets. Except as specifically provided in the APA or this Order, any valid and enforceable liens, claims, interests or encumbrances shall attach to the proceeds of the sale with the same priority, validity, and enforceability as they had immediately before the closing of the sale.

   R. The terms and conditions of the APA, including the total consideration to be realized by the Debtor pursuant to the APA, are fair and reasonable, and the transactions contemplated by the APA are in the best interests of the Debtor, its creditors and estate.

   S. The Debtor has established a valid business purpose for approval of the transactions contemplated by the Motion pursuant to sections 105, 363(b), (f), (m), and 365 of the Bankruptcy Code. The Debtor may sell, transfer and assign the Assets free and clear of all liens, claims, interests and encumbrances in accordance with sections 105, 363, and 365 of the Bankruptcy Code. As a condition to purchasing the Assets, the Buyer requires that (a) the Assets be sold free and clear of all liens, claims, encumbrances, options, rights of first refusal and other interests; and (b) the Buyer shall have no liability whatsoever for any obligations of or claims (including, without limitation, as defined in section 101(5) of the Bankruptcy Code) against the Debtor except those expressly assumed under the APA. The Buyer would not enter into the APA and consummate the transactions contemplated by the APA, thus adversely affecting the Debtor's estate, if the sale to the Buyer was not free and clear of all such liens, claims, encumbrances, options, rights of first refusal and other interests or if the Buyer was or would be liable for any such obligations of or claims (including, without limitation, as defined in section 101(5) of the Bankruptcy Code) against the Debtor, except as otherwise explicitly provided for in the APA or this Order.

   T. A valid business purpose exists for approval of the assumption and

Case 10-15173-MBK    Doc 461    Filed 08/20/10    Entered 08/20/10 14:38:46    Desc Main
Document    Page 6 of 15

Page:              6
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

assignment of the Assumed Contracts and Assumed Leases (as both terms are defined in the APA) by the Debtor to the Buyer in accordance with section 365 of the Bankruptcy Code and the APA.

U.    The transfer of the Assets to the Buyer is or will be a legal, valid and effective transfer of the Assets, and will vest the Buyer with all right, title and interest in and to the Assets, free and clear of all liens, claims, interests and encumbrances, except as otherwise explicitly provided in the APA or this Order.

V.    The requirements of sections 363(b), 363(f), and 365(a), (b), (f), and (k) of the Bankruptcy Code and any other applicable law relating to the sale of the Assets have been satisfied.

W.    The APA is not being proposed for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

X.    The Court takes judicial notice of the record in this case.

Y.    The objection to the sale raised by the Senior Secured Note Trustee (as defined in the Final DIP Financing Order entered by the Court on May 10, 2010) with respect to its first priority lien against the Assets has been resolved, as set forth herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

**A.    Sale of Assets Approved; Transactions Authorized.**

1.    The Motion is granted subject to the terms and conditions set forth in this Order.

2.    All objections to the Motion or the relief requested therein, including the objection of the Senior Secured Note Trustee, have been resolved as set forth herein.

*Approved by Judge Michael Kaplan August 20, 2010*

Page:          7
In Re:         EPV Solar, Inc.
Case No.:      10-15173 (MBK)
Caption of Order: Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

---

3. The Motion, the APA and the transactions contemplated thereby are approved, and the Debtor is hereby authorized and empowered to enter into, and to perform its obligations under, the APA and to take any and all actions necessary to effectuate the terms of the APA and the transactions contemplated thereunder, without further corporate authorization or Order of this Court including, without limitation, to consummate, execute, implement and close the transactions contemplated by the APA together with all additional instruments and documents that may be reasonably necessary or desirable to implement said transactions.

4. The Debtor is hereby authorized and empowered, pursuant to sections 105, 363(b) and (f), and 365 of the Bankruptcy Code, to sell the Assets to the Buyer pursuant to and in accordance with the terms and conditions of the APA and this Order; and pursuant to sections 105, 363, and 365 of the Bankruptcy Code, title to the Assets shall pass to the Buyer at the closing free and clear of any and all liens (including any mechanic's, materialman's and other consensual and non-consensual liens and statutory liens), security interests, encumbrances and claims (including, but not limited to, any "claim" as defined in section 101(5) of the Bankruptcy Code), reclamation claims, mortgages, deeds of trust, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, instruments, contracts, leases, licenses, options, rights of first refusal, rights of offset, recoupment, rights of recovery, judgments, orders and decrees of any Court or foreign or domestic governmental entity, claims for reimbursement, contribution, indemnity or exoneration, assignment, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax and other liabilities, causes of action and claims, to the fullest extent of the law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed

*Approved by Judge Michael Kaplan August 20, 2010*

Case 10-15173-MBK    Doc 461    Filed 08/20/10    Entered 08/20/10 14:38:46    Desc Main
Document    Page 8 of 15

Page: 8
In Re: EPV Solar, Inc.
Case No.: 10-15173 (MBK)
Caption of Order: Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date and through the Closing Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "**Liens and Claims**"), with all such Liens and Claims upon the Assets to be unconditionally released, discharged and terminated; <u>provided</u> that all such Liens and Claims shall attach to the proceeds, if any, of the transaction with the same priority, validity, force and effect as they existed with respect to the Assets prior to the Closing Date (defined below), except as may be expressly set forth herein.

5. The Debtor and the Buyer are authorized to modify, amend or supplement the APA to conform to the terms of this Order and any modifications stated on the record at the Second Sale Hearing.

6. The APA may be modified, amended or supplemented by the parties thereto, in a writing signed by the parties thereto, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not materially change the terms of the APA or modify the express terms of this Order.

B.    **Transfer Of The Assets To The Buyer.**

7. The transfer of the Assets to the Buyer pursuant to the APA constitutes a legal, valid and effective transfer and shall vest the Buyer with all right, title and interest of the Debtor in and to the Assets so transferred.

8. Neither Buyer nor its affiliates, successors or assigns shall be deemed, as a result of actions taken in connection with the purchase of the Assets: (i) to be a successor to the Debtor (except for purposes of section 1145 of the Bankruptcy Code), or (ii) to be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. Neither Buyer nor its affiliates, successors or assigns is acquiring or assuming (except as expressly set forth in the

Case 10-15173-MBK    Doc 461    Filed 08/20/10    Entered 08/20/10 14:38:46    Desc Main
Document      Page 9 of 15

Page:            9
In Re:           EPV Solar, Inc.
Case No.:        10-15173 (MBK)
Caption of Order: Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

APA) any liability, warranty or other obligation of the Debtor, including, without limitation, any tax incurred but unpaid by the Debtor prior to the Closing Date (defined below), including, but not limited to, any tax, any fine or any penalty relating to a tax, or any addition to a tax, whether or not previously assessed, fixed or audited, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

9.  On the date of the closing of the transactions contemplated by the APA (the "**Closing Date**"), each of the creditors of the Debtor is authorized and directed to execute such documents and take all other actions as may be necessary to release its Liens and Claims , if any, against or in the Assets as such Liens and Claims may have been recorded or may otherwise exist.

10.  If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens and Claims against or in the Assets shall not have delivered to the Debtor prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and releases of all Liens and Claims that the person or entity has with respect to the Assets, the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets.

11.  Effective upon the Closing Date, all parties and entities asserting Liens and Claims and contract rights against the Debtor or any of the Assets are hereby permanently enjoined and precluded from, in each case only with respect to such Liens and Claims and contract rights: (i) asserting, commencing or continuing in any manner any action against the Buyer, the DIP Lenders, the DIP Agent, or any of their current or former directors, officers, agents, representatives or employees (collectively, the "**Protected Parties**") or against any

Page:	10
In Re:	EPV Solar, Inc.
Case No.:	10-15173 (MBK)
Caption of Order:	Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

---

Protected Party's assets or properties, including without limitation the Assets; (ii) the enforcement, attachment, collection or recovery, by any manner or means, of any judgment, award, decree or order against the Protected Parties or any properties or assets of the Protected Parties, including without limitation the Assets; (iii) creating, perfecting or enforcing any encumbrance of any kind against the Protected Parties or any properties or assets of the Protected Parties, including without limitation the Assets; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Protected Parties; and (v) taking any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Order or the APA.  For purposes of clarity, nothing herein shall in any way affect the rights of the Debtor and its estate with respect to the Protected Parties, including, without limitation, the Debtor's rights to enforce the APA and to pursue any and all claims in any way related thereto.

        12.    The provisions of this Order authorizing the sale of the Assets free and clear of Liens and Claims (with such Liens and Claims to attach to the proceeds of the sale of the Assets as provided in this Order) shall be self-executing, and neither the Debtor, the Buyer, the DIP Lenders, the DIP Agent, nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate or implement the provisions hereof with respect to such sale; <u>provided</u>, <u>however</u>, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the APA or this Order.  Without in any way limiting the foregoing, the Buyer, the DIP Lenders and the DIP Agent are empowered to execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate or implement the provisions hereof with respect to such sale.

        13.    Consummation of the APA and the transactions contemplated therein and

*Approved by Judge Michael Kaplan August 20, 2010*

Page: 11
In Re: EPV Solar, Inc.
Case No.: 10-15173 (MBK)
Caption of Order: Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

---

thereby will not effect a *de facto* merger or consolidation of the Debtor and the Buyer or result in the continuation of EPV's business under the Buyer's control.

14. All entities who are presently, or on the Closing Date may be, in possession of some or all of the Assets are hereby directed to surrender possession of the Assets, and to deliver and transfer such Assets, to the Buyer on the Closing Date.

15. The DIP Agent shall not be deemed to be the owner of any of the Assets transferred from the Debtor to the Buyer. The Debtor and its affiliates, for themselves and on behalf of the estate, hereby release and forever discharge the DIP Agent and its employees, representatives and attorneys from any and all claims, causes of action, obligations, liabilities, demands, losses, costs and expenses of any kind, character or nature whatsoever, known or unknown, fixed or contingent.

16. Nothing in this Order shall be deemed to modify, waive or otherwise abrogate section 9.7 ("**Right to Indemnity**") and section 2.14 ("**Application of Payments and Proceeds**") of the DIP Credit Agreement as between the DIP Agent and the DIP Lenders.

C. **Assumption And Assignment Of Assumed Contracts and Assumed Leases Authorized.**

17. The requirements of section 365(b) of the Bankruptcy Code having been satisfied, the Debtor is hereby authorized and empowered to assume and assign the Assumed Contracts and the Assumed Leases to the Buyer free and clear of all Liens and Claims pursuant to sections 363 and 365 of the Bankruptcy Code.

18. Pursuant to section 365(k) of the Bankruptcy Code, effective as of the Closing Date, the Debtor shall be relieved from any further obligations under or related to the Assumed Contracts and the Assumed Leases. The Buyer shall assume and be obligated to pay, honor and discharge when due all Assumed Liabilities (as defined in the APA), including but not

*Approved by Judge Michael Kaplan August 20, 2010*

Case 10-15173-MBK    Doc 461    Filed 08/20/10    Entered 08/20/10 14:38:46    Desc Main
Document    Page 12 of 15

Page:              12
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

limited to all Assumed Liabilities in respect of the Assumed Contracts and Assumed Leases and all Cure Costs (as defined in the APA).

19. All defaults or other obligations of the Debtor under the Assumed Contracts and Assumed Leases (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code or other defaults as to which cure or performance may be excused by the Bankruptcy Code or other applicable law) shall be promptly cured by the Debtor or Buyer as set forth in the APA as provided in section 365(b)(1) of the Bankruptcy Code, and the Cure Costs with respect to the Assumed Contracts and Assumed Leases will be those amounts set forth in the Debtor's Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases of Non-Resident Real Property and Cure Amounts (Docket No. 450) (the "**Cure Notice**") or as determined by the Court as set forth below.

20. With the exception of the Cure Costs, each nondebtor party to an Assumed Contract or Assumed Lease hereby will be forever barred, estopped and permanently enjoined from asserting against the Debtor or Buyer, or the property of any of them, any default existing under the Assumed Contracts or Assumed Leases as of the Closing Date; or, against Buyer, any counterclaim, defense or other claim or interest under the Assumed Contracts or Assumed Leases asserted or assertable against the Debtor or its estate.

21. If the Debtor receives an objection to the Cure Costs (the "**Cure Cost Objection**") set forth in the Cure Notice, it shall attempt to resolve such disputed Cure Costs with the party asserting the objection. If a consensual resolution of the Cure Cost Objection cannot be reached, the Buyer will (a) pay in full the undisputed portion of such Cure Cost on or before the applicable date of assumption and (b) segregate the disputed portion of such cure amount (the "**Segregated Amounts**") pending the resolution of the Cure Cost Objection by this

*Approved by Judge Michael Kaplan August 20, 2010*

Case 10-15173-MBK    Doc 461    Filed 08/20/10    Entered 08/20/10 14:38:46    Desc Main
Document    Page 13 of 15

Page:              13
In Re:             EPV Solar, Inc.
Case No.:          10-15173 (MBK)
Caption of Order:  Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

Court or by mutual agreement of the parties. In light of these procedures, the fact that any Cure Cost Objection is not resolved shall not prevent, delay or otherwise impair the assumption and assignment of any Assumed Contracts or Assumed Leases, and the objectors' only recourse after the relevant date of the assumption and assignment shall be to the applicable Segregated Amounts.

D.     **Good Faith Purchase.**

22.    The purchase by the Buyer is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code, and the Buyer is entitled to all of the protections afforded good faith purchasers by section 363(m) of the Bankruptcy Code.

23.    The sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code. The consideration provided by the Buyer for the Assets under the APA shall be deemed to constitute reasonably equivalent value and fair consideration.

E.     **Carve-Out and Other Administrative Expenses.**

24.    The Buyer shall pay to the Debtor an aggregate maximum of $750,000 for professional fees (collectively, the "**Professional Fees**"), allocated as follows: (i) a maximum of $350,000 to Lowenstein Sandler PC ("**Lowenstein**"), it being understood that the final $50,000 due to Lowenstein shall be paid at a time and in the manner agreed to by Lowenstein and Buyer; (ii) a maximum of $275,000 to the professionals retained by the official committee of unsecured creditors; and (iii) a maximum of $125,000 to be allocated among other legal professionals with administrative expense claims against the Debtor, such allocation to be determined by the Debtor in its reasonable and good faith discretion. The Buyer shall pay the Professional Fees, or any portion thereof, to the Debtor within five (5) business days after the Court approves an application or request for such Professional Fees.

25.    The Buyer shall, on the Closing Date, pay to Riker Danzig Scherer Hyland

*Approved by Judge Michael Kaplan August 20, 2010*

Case 10-15173-MBK    Doc 461    Filed 08/20/10    Entered 08/20/10 14:38:46    Desc Main
Document      Page 14 of 15

Page:        14
In Re:       EPV Solar, Inc.
Case No.:    10-15173 (MBK)
Caption of Order: Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

& Perretti LLP, counsel to the Senior Secured Note Trustee, the sum of $200,000 (the "**Senior Secured Note Trustee Fees**") in full satisfaction of the lien of the Senior Secured Note Trustee.

26. Buyer shall pay to Loeb & Loeb LLP ("**Loeb**"), counsel to the DIP Agent, the sum of $125,000 with respect to the fees and expenses currently due and owing to DIP Agent under the DIP Credit Agreement, which amount shall be paid to Loeb as follows: (i) $75,000 on the Closing Date, and (ii) $50,000 at a time and in the manner agreed to by Loeb and Buyer.

27. The Buyer shall promptly pay the amounts due to the United States Trustee pursuant to 28 U.S.C. § 1930 with respect to this chapter 11 case.

**F.    Additional Decretals.**

28. In the event of a sale of all or substantially all of the Assets by Buyer to Akart (as defined in the Final DIP Financing Order) within six (6) months of the Closing Date, Buyer shall provide written notice by regular mail only to Linden Advisors L.P. (located at 590 Madison Avenue, New York, New York 10022) of such sale.

29. The recitals and findings of facts set forth above are hereby incorporated as a part of this Order.

30. As provided by Fed. R. Bankr. P. 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry.

31. The provisions of this Order are non-severable and mutually dependent.

32. Nothing contained in any plan of reorganization (or liquidation) confirmed in this case or the order of confirmation confirming any such plan shall conflict with or derogate from the provisions of the APA or the terms of this Order.

33. This Order and the APA shall be binding upon and inure to the benefit of the Debtor, the Buyer, the DIP Lenders, the DIP Agent and each of their respective former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries,

*Approved by Judge Michael Kaplan August 20, 2010*

Case 10-15173-MBK    Doc 461    Filed 08/20/10    Entered 08/20/10 14:38:46    Desc Main
Document      Page 15 of 15

Page:            15
In Re:           EPV Solar, Inc.
Case No.:        10-15173 (MBK)
Caption of Order: Order Under 11 U.S.C. §§ 105(a), 363, 365 (i) Authorizing and Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (ii) Authorizing and Approving Asset Purchase Agreement, (iii) Providing a Waiver of the Stay Under Bankruptcy Rules 6004(h) and 6006(d) and (iv) Granting Related Relief

controlled companies, employees, officers, directors, shareholders, principals, members or agents, whether a signatory hereto or not, including, but not limited to, any subsequently appointed trustee (including without limitation a chapter 7 or chapter 11 trustee).

34.    The failure specifically to include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.

35.    The division of this Order into sections or other subdivisions and the insertion of headings are for convenience of reference only and shall not affect or be utilized in construing or interpreting this Order.

36.    The Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

37.    The Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the APA and to resolve any dispute concerning this Order, the APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the APA and this Order, including, but not limited to, (i) interpretation of the terms, conditions and provisions thereof, and the status, nature and extent of the Assets, (ii) the amount of any asserted cure claim, (iii) remedies in the event that Buyer fails to perform any of its obligations pursuant to paragraphs 24, 25, 26 or 27 of this Order, and (iv) all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the payment of Professional Fees and the payment of the Senior Secured Note Trustee Fees and the transfer of the Assets free and clear of Liens and Claims.

*Approved by Judge Michael Kaplan August 20, 2010*